Exhibit 2

Order on Motion for Reconsideration (David case) (10-14-2013)

(see attached)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KURIAN DAVID, et al.<br>    Plaintiffs | CIVIL ACTION |
| VERSUS | No. 08-1220 |
| SIGNAL INTERNATIONAL, LLC, et al.,<br>    Defendants | SECTION "E" |

**Related Case:**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | No. 12-557 |
| SIGNAL INTERNATIONAL, LLC, et al.,<br>    Defendants | SECTION "E" |

**Applies To:** *David et al. v. Signal International et al.* **(08-1220)**

### ORDER AND REASONS

Before the Court is a Motion for Reconsideration or Clarification of Order filed by

defendant Malvern C. Burnett, Malvern C. Burnett, A.P.C., and The Gulf Coast Immigration

Center, LLC (collectively referred to as "Burnett").[1] Plaintiffs oppose Burnett's motion.[2] For

the following reasons, Burnett's Motion for Clarification is **GRANTED** to the extent set

forth herein.

This action was brought on behalf of a putative class of approximately 578 workers

---

[1] R. Doc. 1389.

[2] R. Doc. 1393.

from India. After class certification of plaintiffs' claims was denied on January 4, 2012, the action proceeded with the twelve (12) named plaintiffs.

The statutes of limitations for plaintiffs' claims were tolled for the putative class members from the filing of the class action complaint on March 7, 2008 until at least February 3, 2012, the deadline for plaintiffs to file an appeal from Judge Zainey's Order and Reasons denying class certification.[3] The putative class members' state law claims for fraud, negligent misrepresentation, and breach of contract were tolled an additional 120 days to May 3, 2012 by Order of Judge Zainey following plaintiffs' consent motion.[4]

On July 7, 2012, plaintiffs filed a motion requesting the Court to toll the statutes of limitations with respect to the putative class members who would have been represented by the class representatives identified in the caption to these proceedings if a class had been certified.[5] Plaintiffs sought tolling with respect to claims under the Trafficking Victims Protection Act of 2003 ("TVPRA"), the Racketeer Influenced and Corrupt Organization Act ("RICO"), the Klu Klux Klan Act of 1871, discrimination claims pursuant to the Civil Rights Act of 1866 (Section 1981), as well as state law tort and contract claims.[6] This Court, employing its discretion and equity powers, tolled the statutes of limitations for the putative class members through August 28, 2013.[7] Burnett now requests this Court to reconsider

---

[3]R. Doc. 1117.

[4]R. Doc. 982.

[5]R. Doc. 1197.

[6]R. Doc. 1197-1.

[7]R. Doc. 1379. *See Braun v. Sauerwein*, 77 U.S. 218 (1870).

2

and clarify its order.[8]

Burnett's Motion for Reconsideration or Clarification is **GRANTED** to the extent it requests clarification of the Court's Order of August 28, 2013. Accordingly, **IT IS ORDERED** that the Court's Order of August 28, 2013 is clarified to provide that the statutes of limitations are tolled through August 28, 2013 only with respect to federal law claims brought in this action.[9]

New Orleans, Louisiana, this 14th day of October, 2013.

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[8]R. Doc. 1389.

[9]The Court held a status conference on October 10, 2013, during which it learned that no putative class members seek to be joined as named plaintiffs in this action. Additional amendments to the pleadings were not requested and will not be allowed. Because no additional plaintiffs will be joined in the case, and all of the twelve (12) named plaintiffs' federal and state claims are timely, tolling appears to be unnecessary.