**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **BIJU MAKRUKKATTU JOSEPH,** *et al.* | § | |
| | § | |
| **v.** | § | **1:13-CV-324** |
| | § | |
| **SIGNAL INTERNATIONAL L.L.C.,** | § | |
| *et al.* | § | |

## ORDER DENYING SIGNAL DEFENDANTS' MOTION TO TRANSFER

This case is assigned to the Honorable Ron Clark, United States District Judge, and is referred to the undersigned United States Magistrate Judge for all pretrial matters pursuant to a Referral Order.   (Doc. No. 4.)   Pending before the undersigned is a "Motion to Transfer Action Pursuant to First Filed Rule" (Doc. No. 23), filed by Signal International Texas, G.P., Signal International Texas, L.P., Signal International, Inc., and Signal International, L.L.C. ("Signal Defendants").   Having considered the pending motion and the corresponding Response (Doc. No. 42), Reply (Doc. No. 45), and Sur-Reply (Doc. No. 54), in light of the Plaintiffs' Second Amended Complaint (Doc. No. 64), the undersigned recommends that the Motion to Transfer Action Pursuant to First Filed Rule be denied, because there is not a substantial overlap between the instant suit and *Kurian David et al. v. Signal, Int'l, L.L.C. et. al.*, the first filed suit.

## I.  Background

*A.  Procedural Background*

On March 7, 2008, twelve individuals who were allegedly trafficked into the United States filed a putative class action in the Eastern District of Louisiana.   See <u>David v. Signal Int'l, LLC</u>, Civ. A. No. 08-1220 (E.D. La.).   The Court denied class certification for the Plaintiffs'

trafficking, RICO, civil rights, and state law contract and fraud claims.[1]   <u>David v. Signal Int'l,</u> <u>LLC</u>, Civ. A. No. 08-1220, 2012 U.S. Dist. LEXIS 114247, at *129 (E.D. La. Jan. 3, 2012).   As a result of this ruling, the Plaintiffs in the instant action filed suit in this District, where they were allegedly enslaved.   (Doc. No. 42 at 4.)   On May 21, 2013, the Plaintiffs filed their Original Complaint in this court.   (Doc. No. 1.)   Subsequently, they filed their First Amended Complaint on August 1, 2013 (Doc. No. 19) and their Second Amended Complaint on December 19, 2013. (Doc. No. 64.)   Currently, the Plaintiffs have filed suit against the following Defendants: Signal, Malvern C. Burnett, Gulf Coast Immigration Law Center, L.L.C., Law Offices of Malvern C. Burnett, A.P.C., Indo-Amerisoft L.L.C., Kurella Rao, J&M Associates, Inc. of Mississippi, Billy R. Wilks, J&M Marine & Industrial, L.L.C., Global Resources, Inc., Michael Pol, Sachin Dewan, and Dewan Consultants PVT. LTD. (a/k/a Medtech Consultants).   (Doc. No. 64.)   The Plaintiffs allege that some or all of the Defendants violated the following federal statutes: 1) The Trafficking Victims Protection Reauthorization Act of 2003; 2) Racketeer Influenced and Corrupt Organizations Act; 3) The Civil Rights act of 1866; and 4) The Ku Klux Klan Act of 1871.   (<u>Id.</u>) In addition, the Plaintiffs bring state law fraud, negligent misrepresentation, and breach of contract claims against all of the Defendants.   (Doc. No. 64 at 65-68.)   On August 19, 2013, the Signal Defendants filed the pending Motion to Transfer Action Pursuant to First Filed Rule.   (Doc. No. 23.)

---

[1]   The District Court has not ruled on the collective action FLSA claims in the *David* case, which include opt-ins by the Plaintiffs in this case.   (Doc. No. 42 at 3.)

*B.   Factual Background*

In the aftermath of Hurricane Katrina, approximately 590 men, including the Plaintiffs, were allegedly trafficked into the United States through the federal government's H-2B guest worker program to provide services to the Signal Defendants.   (Doc. No. 64 at 2.)   The Plaintiffs claim that they were lured to work for Signal through the fraudulent promise of legal and permanent work-based immigration to the United States for themselves and their families.   (Id.)   Subsequently, after coming to the United States, the Plaintiffs were allegedly subjected to forced labor and other serious abuses at Signal operations in Orange, Texas.   (Id. at 3.)

## II.   Jurisdiction

The Plaintiffs seek recovery pursuant to several federal statutes.   For actions brought under these statutory provisions, the court has subject-matter jurisdiction predicated upon federal question jurisdiction.   See 28 U.S.C. § 1331.   For the state law causes of action, the court has subject-matter jurisdiction predicated upon supplemental jurisdiction.   See 28 U.S.C. § 1367(a). Venue is proper because the events giving rise to the above claims occurred within the confines of this district.   See 28 U.S.C. § 1391.

## III.   First to File Rule

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."   Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp., 665 F.3d 671, 677 (5th Cir. 2011) (quoting Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999)). "The first-to-file rule is a discretionary doctrine." Jones v. Xerox Commercial Solutions, LLC,

CIV. A. No. H-13-0650, 2013 WL 3245957, at *2 (S.D. Tex. June 26, 2013) (quoting Cadle Co., 174 F.3d at 603).   The rule is utilized "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."   Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997). The party wishing to transfer the case has the burden to prove that transfer is warranted.   Jones, 2013 WL 3245957, at *2 (citing Sanofi–Aventis Deutschland GmbH v. Novo Nordisk, Inc., 614 F. Supp. 2d 772, 777 n.5 (E.D. Tex. 2009); VCode Holdings, Inc. v. Cognex Corp., No. 2:07–CV– 138, 2007 WL 2238054, at *2 (E.D. Tex. Aug. 3, 2007); Buckalew v. Celanese, LTD., No. G–05– 315, 2005 WL 2266619, at *1 (S.D. Tex. Sept. 16, 2005)).   "In deciding whether to apply the first-to-file rule, the Court must resolve two questions: (1) are the two pending actions so duplicative or do they involve such substantially similar issues that one court should decide the subject matter of both actions, and if so, (2) which of the two courts should take the case." Datamize, Inc. v. Fid. Brokerage Servs., LLC, 2:03-CV-321-DF, 2004 WL 1683171, at *3 (E.D. Tex. Apr. 22, 2004) (citing Texas Instruments v. Micron Semiconductor, 815 F. Supp. 994, 997 (E.D. Tex. 1993)).   "The first-to-file rule does not require that cases be identical, but merely that there is a substantial overlap in issues and parties."   White v. Peco Foods, Inc., 546 F. Supp. 2d 339, 342 (S.D. Miss. 2008).   "Once the likelihood of substantial overlap between the two suits has been demonstrated, it is no longer up to the second-filed court to resolve the question of whether both should be allowed to proceed."   Id. (quoting Cadle Co., 174 F.3d at 605).

## IV.   Analysis

The Signal Defendants argue that there is substantial overlap between the instant case and the first filed case, *David*.   While there are similarities in the two cases, the undersigned finds that the two cases do not involve such substantially similar issues that one court should decide the subject matter of both actions.

### A.   Parties

There is some overlap between the parties in *David* and the instant case, but it is not substantial.   While all of the Plaintiffs in the instant suit are also plaintiffs in *David*, as explained below, they are only asserting FLSA claims in *David*, which they do not assert here.[2]   (Doc. No. 42 at 6.)   Conversely, none of the *David* plaintiffs asserting non-FLSA claims are parties in the instant case.   The *David* defendants and the Defendants in this suit are not completely identical, but for purposes of this analysis, the court agrees with Signal that the difference is insignificant. (Doc. No. 23 at 12-17.)   While the first-to-file rule does not require identical parties, see Save Power Ltd., 121 F.3d at 950, "the fact that the parties are different cuts against an argument for substantial overlap." Jones, 2013 WL 3245957, at *4.

### B.   Claims

While the first-to-file rule also does not require the issues to completely overlap, "the cases should be more than merely related to support a motion to transfer when venue is otherwise appropriate." Buckalew v. Celanese, Ltd., CIV. A. No. G-05-315, 2005 WL 2266619, at *2 (S.D.

---

2. Even if the Plaintiffs in this case were at one point putative class members in the *David* class action litigation, they were never *parties* since the class was never certified.  See Smith v. Bayer Corp., 131 S. Ct. 2368, 2379 (2011) (holding that it is erroneous to believe a nonnamed class member is a party to class action litigation before the class is certified, or if certification is ultimately denied).

Tex. Sept. 16, 2005).  The instant suit and *David* are related to the extent that all of the claims asserted in this suit are also asserted by the different *David* plaintiffs.  However, there is not substantial overlap among the claims in both suits.  As the District Court established in its opinion denying the Plaintiffs' Motion for Class Certification in *David*, each of the Plaintiffs' claims require individualized proof as it pertains to that particular plaintiff.  David v. Signal Int'l, LLC, Civ. A. No. 08-1220, 2012 U.S. Dist. LEXIS 114247, at *129 (E.D. La. Jan. 3, 2012).  Thus, not only are each of the individual plaintiffs' forced labor, trafficking, RICO and civil rights claims different from one another in this suit, as explained below, they are entirely different from their pending FLSA claims in *David*.  Therefore, the issues presented by the Plaintiffs cannot be resolved in the *David* suit.  W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO, 751 F.2d 721, 729 (5th Cir. 1985).

    1.  Forced Labor and Trafficking

The success of each Plaintiff's forced labor and trafficking claim is dependent on individualized factors.  The question in a forced labor case is "whether Defendants' coercive conduct was such that it could overcome the will of the victim so as to make him render his labor involuntary."  David, 2012 U.S. Dist. LEXIS 114247 at 77.  "This question cannot be answered via generalized class-wide proof but rather must be answered individually based upon individualized proof."  Id.  Similarly, with trafficking, "individual issues will play a significant part" because involuntary servitude is an essential element of the claim.  Id. at 80-81.

### 2.   RICO Claims

The success of each Plaintiff's RICO claim is also based on each individual's experience because the Plaintiffs will be "required to prove that the [Defendants] committed the predicate acts upon which they rely for the pattern of racketeering activity."   Id. at 92.   As stated above, proof of the predicate acts of trafficking and forced labor are "all premised on coercion" and "cannot be made without resort to individualized proof."   Id.   Additionally, in order to prove the fraud-based predicate acts, each Plaintiff will "have to prove first-party reliance on the alleged fraud that was directed at them," because "the question of individual reliance [is] paramount to resolving whether Plaintiffs' injuries were caused by a RICO violation."   Id. at 105-06.

### 3.   Civil Rights Claims

The Plaintiffs also sue the Signal Defendants under 42 U.S.C.  § 1981 for violating their right to "enjoy and benefit from non-discriminatory employment relationships" with the Signal Defendants.   (Doc. No. 64 at 63.)   In order to obtain compensatory damages under this claim, as sought by the Plaintiffs, each "Plaintiff must prove actual injury to himself and that injury must be attributable to (caused by) the Defendant's disparate treatment."   David, 2012 U.S. Dist. LEXIS 114247, at *119.   For this reason, the outcome of each Plaintiff's case will vary based on their individualized experience.

### 4.   Violations of the Ku Klux Klan Act of 1871

The Plaintiffs also allege that the Defendants violated the Ku Klux Klan Act of 1971 by violating their right to be free from "forced labor, involuntary servitude, and trafficking in persons."   (Doc. No. 64 at 65.)   Forced labor, involuntary servitude, and trafficking all include an

element of coercion, which requires an individualized analysis of each Plaintiff's situation, as stated above. <u>David</u>, 2012 U.S. Dist. LEXIS 114247, at *128.

As one can easily discern, none of the above causes of action involve substantially similar issues to the Plaintiffs' FLSA claims pending in *David*, which include claims of violating the federally mandated minimum wage laws. The undersigned agrees with the Plaintiffs that the proof required for the FLSA claims and the remedies sought are distinct from the proof and remedies at issue in the instant matter. Given that there is not a substantial overlap of the claims between the *David* litigation and this case, and with the exception of the Plaintiffs' FLSA claims in *David*, none of the Plaintiffs in the instant suit and *David* overlap, the court's denial of the Signal Defendants' motion to transfer will not result in "piecemeal resolution of issues that call for a uniform result." <u>Save Power Ltd. v. Syntek Fin. Corp.</u>, 121 F.3d 947, 950 (5th Cir. 1997).

## V. Conclusion

The undersigned finds that the instant suit does not substantially overlap with the first-filed suit, *David*. Accordingly, the Signal Defendants' Motion to Transfer Action Pursuant to First Filed Rule (Doc. No. 23) is **DENIED**.

SIGNED this 11th day of February, 2014.

Zack Hawthorn
United States Magistrate Judge