IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| BIJU MUKRUKKATTU JOSEPH, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SIGNAL INTERNATIONAL LLC, *et al.*, ) <br> ) <br> Defendants. ) | Civ. No. 1:13-cv-00324-RC-ZJH |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO SIGNAL DEFENDANTS' MOTION PURSUANT TO FEDERAL RULE 72 AND LR 72(b) FOR RECONSIDERATION OF MAGISTRATE'S DECISION**

/s/ Daniella D. Landers
Daniella D. Landers (Texas Bar No. 24026260)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002-6760
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
daniella.landers@sutherland.com

John H. Fleming
Keith J. Barnett
Jaliya S. Faulkner
Gabriel A. Mendel
Kurt Lentz
Kara D. Duffle
Sheena Paul
Teresa L. Sulmers
(admitted *pro hac vice*)
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806

***Attorneys for Plaintiffs***

## I. INTRODUCTION

The Court should deny the Signal Defendants' Motion Pursuant to Federal Rule 72 and LR 72(b) for Reconsideration of Magistrate's Decision (herein the "Motion for Reconsideration"). (ECF No. 76.) Signal cannot establish, as it must, that the Magistrate Judge's Order Denying Signal Defendants' Motion to Transfer dated February 11, 2014 ("Order") (ECF No. 74) is clearly erroneous or contrary to law. Rather, the Magistrate Judge correctly concluded the instant case and *David* are not so substantially similar that one court should decide both actions. Accordingly, Signal cannot carry its burden, and the Court should deny the Motion for Reconsideration and affirm its prior decision denying Signal's motion to transfer this action to the Eastern District of Louisiana pursuant to the first-filed rule.

## II. ARGUMENT

Magistrate Judges have broad discretion to resolve non-dispositive pretrial matters. *ColorQuick, L.L.C. v. Vistaprint Ltd.*, No. 6:09-cv-323, 2010 WL 5136050, at *3 (E.D. Tex. July 22, 2010). A motion to transfer venue is a non-dispositive motion. *U.S. Ethernet Innovations, LLC v. Xerox Corp.*, No. 6:12-CV-237, 2014 WL 573213, at *1 (E.D. Tex. Feb. 11, 2014) (citing Local Rule CV-7(a)(2)). Consequently, contrary to Signal's assertions, it is not entitled to *de novo* review of the Order.

Federal Rule of Civil Procedure 72(a) and Eastern District of Texas Local Rule CV-72(b), along with Eastern District and Fifth Circuit precedent, provide that District Courts shall only modify or set aside a Magistrate Judge's order on a non-dispositive matter if it is found to be "clearly erroneous or contrary to law." *See Novartis Vaccines & Diagnostics, Inc. v. Wyeth*, No. 2-08-cv-00067TJW-CE, 2010 WL 3447806, at *1 (E.D. Tex. Aug. 30, 2010). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

*United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Black v. SettlePou, P.C.*, 732 F.3d 492, 496 (5th Cir. 2013). Signal has not and cannot establish that the Magistrate Judge's order is clearly erroneous or contrary to law.

In a futile attempt to meet its burden, Signal instead mischaracterizes the Magistrate Judge's reasoning. The Magistrate Judge did not "reason[] that the effect of a denial of class certification in a Rule 23(b)(3) class action is to preclude the application of the first-filed rule." (Motion for Reconsideration, ECF No. 76 at 5.) Rather, the Magistrate Judge considered the parties and the claims at issue and correctly concluded that "the two cases do not involve such substantially similar issues that one court should decide the subject matter of both actions." (Order, ECF No. 74 at 5.)

The basis of Signal's failed motion to transfer venue of this action to the Eastern District of Louisiana is the "first-to-file" rule. As Plaintiffs' Response in Opposition to Signal's Motion to Transfer (ECF No. 42 at 4-5) explained, when applying the first-filed rule, "[t]he concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citation omitted). In particular, when the related cases do not completely overlap, "the court considering transfer should consider whether the cases should be consolidated, the extent of the overlap, the likelihood of conflict, and the comparative advantage and interest of each forum in resolving the dispute." *Jones v. Xerox Commercial Solutions, LLC,* No. H-13-0650, 2013 WL 3245957, at *2 (S.D. Tex. June 26, 2013) (citation omitted). The burden of proof is carried by the party seeking transfer. *Id.*

Courts generally look to the identity of the parties, the claims and issues raised in the two cases, and the prevailing equities to determine whether there is sufficient overlap. *Id.* at *4 (parties must be substantially similar); *Buckalew v. Celanese, Ltd.*, No. Civ.A. G-05-315, 2005 WL 2266619, at *2 (S.D. Tex. Sept. 16, 2005) (claims must be substantially similar); *see also Garmin Ltd. v. TomTom, Inc.*, No. 2:06CV338, 2007 WL 708587, at *1 (E.D. Tex. Mar. 5, 2007) ("justice or expediency" relevant). As the Magistrate Judge observed, Plaintiffs in this action have never been parties to the *David* case for the non-FLSA claims, and Signal did not establish substantial similarity between the parties. (*See* Order, ECF No. 74 at 5.)

Likewise, the Magistrate Judge reasonably determined that the claims in this action and the claims in the *David* and *EEOC* cases do not substantially overlap. (*See* Order at 6.) As such, contrary to Signal's argument, the core issues between these cases are not the same. Moreover, the first-to-file rule applies when the first-filed case and the second-filed case concern substantially similar claims, not when the cases are "merely related." *Buckalew*, 2005 WL 2266619, at *2 ("[T]he cases should be more than merely related to support a motion for transfer when venue is otherwise appropriate. To hold otherwise would frustrate the well-established rule that the plaintiff's choice of forum is generally entitled to great deference.").

Although the claims may be similar, judgment or relief in *David* will not resolve the issues here. Each claim must be proven by each Plaintiff, and there may very well be different outcomes for different Plaintiffs – but, not because of venue. Instead, this result may ensue because each individual Plaintiff has a different story to tell and different evidence to present. The experiences of and injuries suffered by the *David* plaintiffs are not necessarily the same as Plaintiffs in this action. Hence, there is no risk of conflicting rulings because the specific facts of each Plaintiff will dictate his individual and perhaps unique outcome.

For these reasons, the Court should deny Signal's Motion for Reconsideration. Signal failed to establish that the Order was clearly erroneous or contrary to law. Indeed, there is no error. The Magistrate Judge considered whether the parties and the claims substantially overlapped and reasonably (and correctly) concluded that they do not.

DATED:  March 3, 2014.

**SUTHERLAND ASBILL & BRENNAN LLP**

/s/  Daniella D. Landers
Daniella D. Landers (Texas Bar No. 24026260)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas  77002-6760
Telephone:  (713) 470-6100
Facsimile:  (713) 654-1301
daniella.landers@sutherland.com

John H. Fleming
Keith J. Barnett
Jaliya S. Faulkner
Gabriel A. Mendel
Kurt Lentz
Kara D. Duffle
Sheena Paul
Teresa L. Sulmers
(admitted *pro hac vice*)
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia  30309-3996
Telephone:  (404) 853-8000
Facsimile:  (404) 853-8806

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2014, I electronically filed the foregoing **PLAINTIFFS' RESPONSE IN OPPOSITION TO SIGNAL DEFENDANTS' MOTION PURSUANT TO FEDERAL RULE 72 AND LR 72(b) FOR RECONSIDERATION OF MAGISTRATE'S DECISION** with the Clerk of the Court using the ECF system, which sent notification of an electronic filing to all CM/ECF participants.

I further certify that on March 3, 2014, I served a true and correct copy of the foregoing document upon the below-named Defendants by depositing a copy of same in the U.S. Mail, with sufficient postage thereon to insure delivery, and properly addressed as follows:

> Michael Pol
> Global Resources, Inc.
> c/o William P. Wessler, Esq.
> 1624 24th Avenue
> Gulfport, MS 39501-2969
>
> Mr. Billy Wilks
> 9136 Heather Lane
> Moss Point, MS 39562

I further certify that on March 3, 2014, I served a true and correct copy of the foregoing document upon the below-named Defendants by forwarding a copy to them via International Mail, with sufficient postage thereon to insure delivery, and properly addressed as follows:

> Sachin Dewan
> Dewan Consultants Pvt. Ltd.
> 708, Sagar Tech Plaza
> Andhere Kurla Road
> Sakinaka Junction, Andheri (E)
> Mumbai 400 072, India
>
> Dewan Consultants
> Dewan Consultants Pvt. Ltd.
> 708, Sagar Tech Plaza

Andhere Kurla Road
Sakinaka Junction, Andheri (E)
Mumbai 400 072, India


Indo-Ameri Soft L.L.C.
Vijaya Roa (Register Agent)
c/o Kurello Rao
#6 Isla Road, Unity Zone
Dangriga, Stann Creek Dist., Belize


Kurella Roa
#6 Isla Road, Unity Zone
Dangriga, Stann Creek Dist., Belize


*/s/ Daniella D. Landers*
Daniella D. Landers