**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **BIJU MAKRUKKATTU JOSEPH,** *et al.* | § | |
| | § | |
| **v.** | § | **1:13-CV-324** |
| | § | |
| **SIGNAL INTERNATIONAL L.L.C.,** | § | |
| *et al.* | § | |

<u>**REPORT AND RECOMMENDATION DENYING DEFENDANT SIGNAL'S MOTION
TO DISMISS (DOC. NO. 70)**</u>

This case is assigned to the Honorable Ron Clark, United States District Judge, and is referred to the undersigned United States magistrate judge to conduct all pretrial proceedings. (Doc. No. 4.)  Before the undersigned magistrate judge is the "Motion of Signal Defendants to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" filed by Defendants Signal International, L.L.C., Signal International, Inc., Signal International Texas, G.P., and Signal International Texas, L.P. (hereinafter collectively referred to as "Signal").  Because the Plaintiffs have pleaded enough factual content to draw the reasonable inference that the alleged pendent state law claims occurred in Texas, and this court cannot otherwise consider materials outside of the pleadings to determine the instant motion, Signal's Motion to Dismiss (Doc. No. 70) should be denied.

**I.  Jurisdiction**

The Plaintiffs are a group of skilled construction workers of Indian descent who were allegedly lured to the United States by Signal and a network of recruiters working on Signal's behalf.  In their second amended complaint, the Plaintiffs assert four causes of action pursuant to federal statutory and constitutional law: violations of the Trafficking Victims Protection Reauthorization Act (18 U.S.C. § 1595); the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962); the Civil Rights Act of 1866 (42 U.S.C. § 1981); the Ku Klux Klan Act of 1871 (42 U.S.C. § 1985) and the Thirteenth Amendment to the United States Constitution.

(Doc. No. 64.)   For actions brought under federal statutory and constitutional provisions, the court has subject matter jurisdiction predicated upon federal question jurisdiction.  See 28 U.S.C. §1331.   In their fifth and sixth causes of action, the Plaintiffs bring state law claims of fraud, negligent misrepresentation, and breach of contract.  (Doc. No. 64.)   The court has supplemental jurisdiction over the state law causes of action.  See 28 U.S.C. § 1367.  Venue is proper in this case because the events giving rise to the claims occurred within the confines of this district.  See 28 U.S.C. § 1391.

## II.  Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted."  Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009).  When a court analyzes a Rule 12(b)(6) motion, it "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  In re Katrina Beaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)).  A court should grant such a motion only when the complaint fails to contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

### III.    Analysis

Signal moves to dismiss the Plaintiffs' pendent state law claims of fraud, negligent misrepresentation, and breach of contract pursuant to Federal Rule of Civil Procedure 12(b)(6). Signal argues the claims alleged in the second amended complaint arise from facts that occurred outside the United States.   Consequently, Signal submits that the second amended complaint does not include enough facts to state a claim that is plausible on its face because the second amended complaint is "extraterritorial with regards to common law claims on its face."  (Doc. No. 70, p. 4.)  Furthermore, Signal alleges this court should make an "*Erie* guess" to conclude the Texas Supreme Court would find "more probably than not" that the common law of Texas does not apply to state law claims "having so extraterritorial a basis."  (Id., p. 12.)  Signal also moves to dismiss the complaint *pro tanto*[1] to the degree the complaint seeks to recover the fees paid abroad with regard to the Plaintiffs' claims under §§ 1981 and 1985.  (Id., p. 23.)

The Plaintiffs counter that their complaint adequately alleges facts that their state law claims occurred in Texas and that Texas law applies to their claims.   Specifically, the Plaintiffs argue the complaint makes clear that the tortious actions originated, were performed, and continued to occur in Texas, specifically at the Texas Labor Camp located in Orange, Texas. (Doc. No. 75.)  The Plaintiffs allege that while recruiters working on Signal's behalf initially lured and defrauded the Plaintiffs abroad, Signal ratified the recruiters' actions by continuing to defraud the Plaintiffs upon their arrival in Texas.   Lastly, the Plaintiffs argue that a fact intensive choice of law analysis is premature given the sufficient facts that plausibly support the events centered around the Texas Labor Camp.  (Id., p. 9.)

---

1.  Pro Tanto: To that extent; for so much; as far as it goes.  Black's Law Dictionary (9th ed. 2009), available at Westlaw BLACK.

1. <u>State Law Claims that are "Extraterritorial in Nature"</u>

Signal's argument that the complaint should be dismissed because the claims in question "arose from facts that occurred beyond the limits of American territory" is without merit.  (Doc. No. 70, p. 4.).  The complaint is replete with allegations that Signal committed the state law torts in Texas.  The following is a summary of the Plaintiffs' complaint (Doc. No. 64):

> The Plaintiffs were recruited by Signal and its recruiters, both in the United States and abroad, to work at Signal's Texas Labor Camp.  Signal and its recruiters contracted with the Plaintiffs to obtain permanent residence and immigration status in the United States within eighteen to twenty-four months.  The Plaintiffs accepted Signal's offer, paid their fees, and were transported to the Texas Labor Camp in the United States to perform work for Signal.  Once at the Texas Labor Camp, Signal ratified the actions of the recruiters, and breached its obligations and defrauded the Plaintiffs regarding their immigration status upon their arrival.  In the Texas Labor Camp, Signal personnel held various meetings with the Plaintiffs to discuss the status of the Plaintiffs' visas and green card applications.  Signal again promised the same visa extensions and green cards for the Plaintiffs as when they were recruited abroad.  However, Signal continued to breach its contracts with the Plaintiffs by failing to comply with their binding promises regarding permanent residence and immigration status.  Signal and its recruiters knowingly or negligently made materially false and untrue statements and representations to Plaintiffs regarding the nature and terms and conditions of applications and opportunities for immigration status and employment in the United States.  Signal intended that the false statements made by Signal and its recruiters would induce Plaintiffs to pay them exorbitant fees and remain as Texas Labor Camp under deplorable conditions.

When deciding a 12(b)(6) motion to dismiss, the court must consider these facts as true. In re Katrina Beaches Litig., 495 F.3d at 205.  From these allegations, the Plaintiffs have clearly pleaded enough factual content to draw the reasonable inference that the alleged pendent state law claims of fraud, negligent misrepresentation, and breach of contract occurred in Texas. Iqbal, 556 U.S. 662 at 678.   Even if the complaint alleges Signal's actions and the Plaintiffs' injuries occurred in Texas *and* India, Signal has not cited to any persuasive authority that this

subjects the Plaintiffs' entire complaint to a 12(b)(6) dismissal.  In fact, district courts have the power to exercise supplemental jurisdiction over foreign law claims that form part of the same case or controversy.  In re BP p.l.c. Sec. Litig., 843 F. Supp. 2d 712, 799 (S.D. Tex. 2012) (citing 28 U.S.C. § 1367(c)).

2. *Pro Tanto* Dismissal

Second, Signal moves to dismiss the complaint *pro tanto* to the degree the Plaintiffs seek to recover the fees paid abroad with regard to their claims under §§ 1981 and 1985.  Signal begins with the premise that §§ 1981 and 1985 claims are not extraterritorial.  Signal would then like the court to compare the complaint in this suit with 1) the first amended complaint[2] in *David et al. v. Signal, Int'l, L.L.C. et. al.* and 2) two sentences in the *David* court's order[3] denying class certification concerning what damages are attributable to the *David* plaintiffs' discrimination claims.  Signal argues this comparison would show that at least part of the Plaintiffs' §§ 1981 and 1985 claims in this case occurred abroad.  Thus, Signal requests a *pro tanto* dismissal of the complaint "insofar as [sic] concerns recovery, on the basis of the civil rights statutes, of fees paid abroad."  (Doc. No. 70, p. 22.)

 In considering a Rule 12(b)(6) motion, a court typically does not look beyond the complaint.  However, a court may consider attachments to briefing if the documents are referenced in the complaint, central to the complaint, referenced by the parties, and their authenticity is not in dispute.  See Walch v. Adjutant Gen. Dep't, 533 F.3d 289, 293–94 (5th Cir. 2008) (citing In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)); Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004).  While the *David* litigation

2. David v. Signal Int'l, L.L.C., Civ. A. No. 08-1220 (E.D. La.) (Doc. No. 47).

3. David et al. v. Signal, Int'l, L.L.C. et. al., Civ. A. No. 08-1220, 2012 U.S. Dist. LEXIS 114247 (E.D. La. Jan. 3, 2012).

was casually mentioned in the complaint, the *David* first amended complaint and the *David* court's order denying class certification are not central to the Plaintiffs' complaint in this case. (Doc. No 64.)  Furthermore, Signal failed to include the documents in its briefing to this court. Obviously, without being able to consider the *David* court documents, Signal's motion should not be granted on this basis.[4]

## IV.  Recommendation

For the reasons stated above, the Defendants' Motion to Dismiss (Doc. No. 70) should be denied.

## V.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report.  See 28 U.S.C. § 636(b)(1)(c); Fed R. Civ. P. 72(b)(2).  A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made.  See 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any

---

4.   The undersigned is also more than confused as to how their requested relief—dismissal of the complaint, "*pro tanto*, with regard to § 1981, for failure to state a claim, insofar as [sic] concerns the recovery, on the basis of the civil rights statutes, of fees paid abroad"—could be implemented in an intelligible order.

such findings of fact and conclusions of law accepted by the United States District Judge, see

Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996).


     SIGNED this 12th day of June, 2014.

_____

Zack Hawthorn
United States Magistrate Judge