IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| BIJU MUKRUKKATTU JOSEPH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civ. No. 1:13-cv-00324-RC-ZJH |
| ) | |
| SIGNAL INTERNATIONAL LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPLY IN SUPPORT OF PLAINTIFFS'
## MOTION TO EXCLUDE DR. LOUISE SHELLEY AS EXPERT

Daniella D. Landers (Texas Bar No. 24026260)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002-6760
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
daniella.landers@sutherland.com

John H. Fleming
Keith J. Barnett
Kurt Lentz
Travis J. Mock
Kara D. Duffle
Heather Niemeyer
Mary Beth Martinez
(admitted *pro hac vice*)
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806

*Attorneys for Plaintiffs*

On October 17, 2014, Plaintiffs filed their Motion to Exclude Dr. Louise Shelley as Expert [Doc. 156] (the "Motion"). As discussed in the Motion, Dr. Shelley has been offered by Signal as an expert on human trafficking to state that Plaintiffs' trafficking claims are not valid. Distilled to its essence, the response to the Motion [Doc. 180] (the "Resp.") is little more than an argument that Dr. Shelley's testimony should not be stricken because she is well-credentialed in the area of human trafficking. Despite Signal's attempt to completely reframe the issue of Plaintiffs' motion to exclude Dr. Shelley, the Report [Doc. 156-2] and testimony of Dr. Louise Shelley should be excluded as her Report and testimony are indisputably biased and will not assist the jury in making its ultimate determinations. Dr. Shelley not only bases her analysis on an incorrect standard of law, but it is clear from her deposition testimony that Dr. Shelley's analysis is not the result of a rigorous scholarly analysis, but instead the result of her own pre-formed opinions and biases. Dr. Shelley's testimony and Report should be stricken as unreliable and irrelevant.

## I. Dr. Shelley's Experience and Expertise Are Not At Issue

Signal devotes much of its response to reciting Dr. Shelley's qualifications as an expert in the field of human trafficking. (Resp. at 4-5). Plaintiffs do not contest that Dr. Shelley has experience and expertise in the field of human trafficking.[1] However, simply because Dr. Shelley is an expert in the field does not allow her to proffer whatever opinion is convenient for Signal. *See Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 421 (5th Cir. 1987) (upholding the district court's exclusion of an expert's opinion because "the plaintiff's expert brought to court little more than his credentials and a subjective opinion"); *see also Fulford v. Manson Constr. Co.*,

---

[1] Plaintiffs do take issue, however, with Signal's characterization of Dr. Shelley as "the" human trafficking expert who has written "the" book on human trafficking. (Resp. at 5). A simple search on Amazon.com reveals that more than 4,500 books have been written regarding human trafficking.

No. 09-3946, 2010 WL 1903865, at *2 (E.D. La. May 7, 2010) (granting a motion to exclude expert testimony because the "proposed testimony is a quintessential example of a witness with very impressive credentials being used to tell the jury what result to reach in this case—in other words, placing the imprimatur of 'expert' on a legal conclusion"). Signal may not simply rest on Dr. Shelley's credentials to espouse unsupported legal conclusions that assist its case. Signal must also show by a preponderance of the evidence that Dr. Shelley's opinion is "relevant and reliable." *Whitney Nat'l Bank v. Air Ambulance by B & C Flight Mgmt., Inc.*, 516 F. Supp. 2d 802, 816 (S.D. Tex. 2007) (citing, *inter alia, Bourjaily v. United States,* 483 U.S. 171, 175–76 (1987)). Signal fails both on relevance and reliability.

## II. Dr. Shelley's Testimony Is Unreliable and Will Not Assist the Jury

### A. Dr. Shelley's Reliance on Trafficking Criteria Different from the Bases for Plaintiffs' Claims is Misleading and an Improper Legal Conclusion.

Signal offhandedly dismisses Plaintiffs' detailed argument in their initial Motion papers as to Dr. Shelley's application of an incorrect definition of human trafficking. (Resp. at 20-22). Dr. Shelley intends to explain to the jury, however, that the Plaintiffs are not victims of forced labor and trafficking in persons. In coming to her conclusion that Plaintiffs were not trafficked, Dr. Shelley applies the definition of severe forms of trafficking in persons under 22 U.S.C. § 7102. Under § 7102(9)(B), severe forms of trafficking in persons is defined as "the recruitment, harboring, transportation, provision, or obtaining of a person for labor or services, through the use of force, fraud, or coercion for the purpose of subjection to involuntary servitude, peonage, debt bondage, or slavery." Dr. Shelley thus evaluates the trafficking claims under a pre-TVPA, *Kozminski* standard, *see United States v. Kozminski*, 487 U.S. 931, 952 (1988), which required actual threats of physical harm. However, this is not Plaintiffs' claim.

Plaintiffs allege forced labor, as defined under 18 U.S.C. § 1589, which requires that one

> provide[] or obtain[] the labor or services of a person . . . (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

18 U.S.C. § 1589. Based on Dr. Shelley's deposition testimony, she is unfamiliar with the standards applicable to Plaintiffs' claims. (*See, e.g.*, Doc. 156-1, Shelley Dep. 136:4-13; 137:2-22; 138:15-20; 153:3-154:9). Dr. Shelley's conclusions ignore the additional element in the applicable law- namely, "abuse of threatened abuse of law or legal process." Instead, Dr. Shelley applies the definition of severe forms of trafficking in persons to the facts of this case. (*Id.* at 170:3-14.) Dr. Shelley is comparing apples to oranges.

Aside from drawing an improper (and erroneous) legal conclusion, *see Lackey v. SDT Waste & Debris Services, LLC*, No. 11-1087, 2014 WL 3866465 (E.D. La. Aug. 6, 2014), for Dr. Shelley to explain to a jury that Plaintiffs were not victims under her definition is meaningless to Plaintiffs' claims and very misleading to a jury. It does not assist the trier of fact. *See Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003). Instead of assisting the jury, Dr. Shelley's opinions will only serve to confuse the jury as they are founded on an inapplicable standard.

### B. Dr. Shelley's Bias Makes Her Testimony Unreliable

Even if Dr. Shelley's testimony were relevant – which it is not – her obvious bias makes her testimony unreliable. The Court must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Seatrax, Inc. v. Sonbeck Int'l*, 200 F.3d 358, 372 (5th Cir. 2000) (citation omitted). For an

3

expert's opinion to be reliable, it must be based on "more than subjective belief or unsupported speculation." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993).

Despite her extensive credentials, it is clear from her deposition that Dr. Shelley's opinion is based on little more than her own subjective beliefs. Dr. Shelley testified that she significantly reduced her standard rate for Signal "[b]ecause [she felt] very strongly about this case, that there has been an injustice done to Signal." (Shelley Dep. 9:17-10:15). Interestingly, Dr. Shelley agreed to such a reduced rate prior to reviewing relevant documents as Signal's expert. (*Id.* at 291:25-293:14.) When confronted with evidence that John Sanders of Signal was aware that the Signal recruits were offered permanent residency prior to their arrival at Signal, she simply refused to acknowledge such evidence. (*See id.* at 77:16-78:10[2]; 82:8-16[3]). In addition, Dr. Shelley's conclusion that Plaintiffs engaged in fraud appears to stem from her own personal biases and beliefs:

> Q: And what is your basis for [that statement that some individuals engaged in fraud]?
> A: Because I am a researcher on corruption and I can give you examples from outside this case that I know of.
> ***

---

[2] Q: Are you specifically ignoring the words that say: 'More importantly there is some things that should not be known to the consulate personnel such as the fact we are going to process them for a Green Card. If one of these guys says he is going to the U.S. for immigration and Signal is sponsoring him for permanent residency, Green Card, he is a goner.' What do these words mean to you in this communication between Mr. Pol and Mr. Sanders of Signal?
A: It means that Mr. Pol is saying that when the workers go in they are to say that they are applying exclusively for a H-2B visa. It does not say that Signal is going to sponsor them for a permanent residence or that the workers understand that they will be sponsored for permanent residence.

[3] Q: So is it your testimony that this August 24, 2006 E-mail to Mr. Sanders of Signal which was written months before any worker came to Signal would have given Signal no clue that its recruiters like Mr. Pol were telling the workers that Signal is going to sponsor them for permanent residence and a Green Card?
A: Correct.

4

>           I can go into other experiences, but it is a major problem not only in the hard sciences, but in applications to universities, in applications to research fellowships, in applications it is for any kind of work that people overstayed or misrepresent their job credentials.
> Q:     Specific to India you are talking about?
> A:     Yes.
> Q:     Specific to skilled workers in India?
> A:     *Yes. It is across the board in India.*
> Q:     *Have you done before this case any specific work with skilled workers in India?*
> A:     *No.*

(*Id.* at 165:8-166:16) (emphasis added).

Dr. Shelley's conclusory testimony in her Report is based not on her experience in the field and a review of the evidence at hand, but her own subjective beliefs and biases. Such testimony is unlikely to assist the jury in making the ultimate determination of whether Plaintiffs were trafficked and likely will confuse the jury.

### III.   Dr. Shelley Has Not Opined on *Chellen v. Pickle* in This Case.

Perhaps inadvertently, Signal devotes a significant portion of its Response to an opinion that Dr. Shelley has not offered in this case – the so-called "Pickle Pattern." The expert report Dr. Shelley submitted in this case does not address *Chellen v. John Pickle Co.*, 446 F. Supp. 2d 1247 (N.D. Okla. 2006). Not surprisingly, then, Plaintiffs have not specifically sought to exclude Dr. Shelley's non-existent reference to that case, despite Signal's suggestion otherwise in its Response. (Resp. at 17). Quite simply, Signal's "Pickle Pattern" argument (*id.* at 14-20) is irrelevant to Dr. Shelley's proposed opinion and Plaintiffs' motion to exclude it. Despite acknowledging that the expert reports filed in this case and the *Samuel* case, Civil Action No. 1-13-cv-00323, are identical (*id.* at 1), Signal does not address the "Pickle Pattern" in the response Signal filed in *Samuel*. *See Samuel v. Signal Int'l, LLC*, No. 1:13-cv-00323 (E.D. Tex. Nov. 1, 2014), [Doc. 182].

5

## IV. Conclusion

For the foregoing reasons, Plaintiffs respectfully request this Court exercise its discretion to exclude Dr. Shelley's Report and testimony by granting the Motion.

Respectfully submitted, this 12th day of November, 2014.

                              **SUTHERLAND ASBILL & BRENNAN LLP**

                              */s/ Daniella D. Landers*
                              Daniella D. Landers (Texas Bar No. 24026260)
                              1001 Fannin Street, Suite 3700
                              Houston, Texas 77002-6760
                              Telephone: (713) 470-6100
                              Facsimile: (713) 654-1301
                              daniella.landers@sutherland.com

                              John H. Fleming
                              Keith J. Barnett
                              Kurt Lentz
                              Travis J. Mock
                              Kara D. Duffle
                              Heather M. Niemeyer
                              Mary Beth Martinez
                              (admitted *pro hac vice*)
                              999 Peachtree Street, NE, Suite 2300
                              Atlanta, Georgia 30309-3996
                              Telephone: (404) 853-8000
                              Facsimile: (404) 853-8806

                              *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2014, I electronically filed the foregoing REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE DR. LOUISE SHELLEY AS EXPERT with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all ECF participants.

I further certify that on November 12, 2014, I served a true and correct copy of the foregoing document upon the below-named Defendants by depositing a copy of same in the U.S. Mail, with sufficient postage thereon to insure delivery, and properly addressed as follows:

>Michael Pol
>Global Resources, Inc.
>c/o William P. Wessler, Esq.
>William P. Wessler, Attorney at Law
>1624 24th Avenue
>Gulfport, MS  39501-2969

>Mr. Billy Wilks
>9136 Heather Lane
>Moss Point, MS 39562

I further certify that on November 12, 2014, I served a true and correct copy of the foregoing document upon the below-named Defendants by forwarding a copy to them via international mail, with sufficient postage thereon to insure delivery, and properly addressed as follows:

>Indo-Ameri Soft L.L.C.
>Vijaya Roa (Register Agent)
>c/o Kurella Rao
>#6 Isla Road, Unity Zone
>Dangriga, Stann Creek Dist., Belize

>Kurella Rao
>#6 Isla Road, Unity Zone
>Dangriga, Stann Creek Dist., Belize

>>/s/ Daniella D. Landers
>>Daniella D. Landers