IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| BIJU MUKRUKKATTU JOSEPH, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SIGNAL INTERNATIONAL LLC, *et al.*, ) <br> ) <br> Defendants. ) | Civ. No. 1:13-cv-00324-RC-ZJH |

### REPLY IN SUPPORT OF PLAINTIFFS'
### MOTION TO EXCLUDE DON H. STROBEL AS EXPERT

Daniella D. Landers (Texas Bar No. 24026260)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002-6760
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
daniella.landers@sutherland.com

John H. Fleming
Keith J. Barnett
Kurt Lentz
Travis J. Mock
Kara D. Duffle
Heather Niemeyer
Mary Beth Martinez
(admitted *pro hac vice*)
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806

*Attorneys for Plaintiffs*

**I.     Introduction**

Plaintiffs filed a four-page Motion to Exclude Don H. Strobel (Doc. 154) ("Motion"), pointing out that: (1) Mr. Strobel's opinions are irrelevant, as they concern only FLSA claims, and no such claims are presently in this case; (2) Mr. Strobel's opinions are impermissible legal conclusions; and (3) there is no basis for Mr. Strobel's opinions regarding substandard housing. Signal filed a nineteen-page Response in Opposition to the Motion (Doc. 177) ("Resp."), but failed to rebut the reasons Plaintiffs offered for exclusion.

As Signal has acknowledged, there are no FLSA claims in this case. Signal states that Mr. Strobel's Report was filed in this case only out of "an over-abundance of caution," (Resp. at 1), in case FLSA claims are later added. That suggests that the most efficient result would be for the Court to grant the Motion on the ground that the proffered testimony is presently irrelevant, without prejudice to Signal's right to re-serve the Report or to Plaintiffs' right to seek to exclude Mr. Strobel on other grounds should FLSA claims ever be added to the case.

If the Court were presently to consider those other grounds for exclusion, however, Plaintiffs' Motion should be granted on those grounds, as well. First, by offering an opinion solely concerned with whether Signal violated the FLSA, Mr. Strobel asserts legal conclusions. Specifically, Mr. Strobel states that his charge is to determine Signal's FLSA compliance status and goes on to examine whether specific practices would violate the FLSA. Mr. Strobel's testimony has been excluded previously as legally conclusory and it should be again here. This is an expert usurping the role of the jury. Additionally, Mr. Strobel is not qualified to opine on anything other than the FLSA and his methods for doing so are in any event unreliable. Accordingly, Mr. Strobel's testimony should be excluded.

## II.     Mr. Strobel's FLSA Opinions Are Impermissible Legal Conclusions.

Signal seeks in its Response to complicate the legal nature of Mr. Strobel's opinion by contending that, linguistically, Mr. Strobel's opinions must necessarily include some overlap with the language of FLSA. (Resp. at 8.) This argument, however, is irrelevant. Mr. Strobel states in his Report that he is attempting "to determine the compliance status of Signal International's operations . . . under the Fair Labor Standards Act," (Strobel Report, Doc. 154-1 ("Report") at 3) and, in particular, 29 CFR part 778.211. Mr. Strobel in fact applies the statute to predict and conclude what the DOL Wage and Hour Division would draw from Signal's practices. (Report at 3-5); (*see also* Resp. at 15) (describing that "the thrust of" Mr. Strobel's Report is his guess as to how the Department of Labor [DOL] Wage and Hour division would view the man camps). Mr. Strobel's opinions are therefore inappropriate legal conclusions. *Owen v. Kerr-McKee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) ("[A]llowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant."); *Lackey v. SDT Waste & Debris Servs., LLC*, No. 11-1087, 2014 WL 3866465, at *7 (E.D. La. Aug. 6, 2014) ("It is the job of the Court—not the expert—to instruct the jury on the applicable law."). Signal's attempt to rely on *Neal v. City of Hempstead*, No. 4:12-cv-1733, 2014 WL 3907785 (S.D. Tex. Aug. 11, 2014), does not change this analysis. (Resp. at 7). In *Neal*, the Southern District of Texas actually prohibited the expert from testifying as to whether the officer's conduct was reasonable under the Fourth Amendment because it amounted to a legal conclusion. *Neal*, 2014 WL 3907785, at *6.

Signal further attempts to characterize Mr. Strobel's FLSA opinions as factual, rather than legal. There is no need, however, for a jury to be told by an alleged expert what is "discretionary" or "reasonable" as a factual matter. Juries routinely assess such issues.

To the extent that any of Mr. Strobel's opinions are simple factual determinations, they concern issues that are not beyond the ken of the jury. For example, Mr. Strobel's anticipated testimony that "bonuses were not 'promised' to employees but rather 'decided by the employer'" (Resp. at 6) is a factual issue that a jury is capable of deciding without expert assistance. Mr. Strobel therefore would not be "assisting" the Court or the jury, but rather substituting his own opinion for the jury's and using his claimed expert status to tell the jury what it should think. Accordingly, even if certain of Mr. Strobel's opinions were comprised of factual conclusions—and they are not—they would be impermissible. S*ee Owen*, 698 F.2d at 240 ("Rule 704 . . . does not open the door to all opinions. . . . [Q]uestions which would merely allow the witness to tell the jury what result to reach are not permitted."). Signal's Response actually buttresses this conclusion and inadvertently undercuts its own argument by stating that Mr. Strobel would in fact be telling the jury what result to reach. (*See* Resp. at 6) (stating that "the question of fact that the jury must resolve is this one" after referencing Mr. Strobel's opinion that deductions for housing were "reasonable").

Signal's comparison of Mr. Strobel's "reasonableness" opinions with the expert testimony in *United States v. Moore*, 997 F.2d 55, 58-59 (5th Cir. 1993), is also unavailing. (Resp. at 6.) In *Moore*, the expert (Agent Copeland) served three distinct roles: (1) fact witness who participated in the actual criminal investigation; (2) an expert witness on tax law and the preparation of tax returns; and (3) an "expert summary witness," summarizing the government's evidence and the trial testimony of all witnesses. *Id.* The Fifth Circuit's determination that admission of Agent Copeland's testimony was not manifestly erroneous turned largely on the "multifaceted nature" of his testimony, including his role to present summary testimony, and his own work as a case agent that "rendered him uniquely knowledgeable about the events in

3

question." *Id.* at 59. Because Mr. Strobel does not serve such a role, *Moore* is not relevant.

### III. Mr. Strobel Is Not Qualified To Opine on Anything Other Than FLSA and His Methods Are in Any Event Unreliable.

Signal attempts to avoid the issue of Mr. Strobel's lack of qualifications to testify on housing stock and conditions by claiming that it did not hire Mr. Strobel to opine on housing shortages in Pascagoula, MS and Orange, TX "as a factual matter," and that Mr. Strobel can "rely on what other witnesses, including experts, have said about a fact." (Resp. at 12). Putting aside the failure of this statement to address Plaintiffs' argument regarding Mr. Strobel's qualifications, this is not what Mr. Strobel does. Indeed, the Report includes *no citations* for his claim that "[t]here was a serious shortage of housing" in these regions. (Report at 4). To the extent Signal intends to proffer testimony that Mr. Strobel relied on the Expert Report of Kevin Fox Gotham for opinions concerning housing stock, that argument also fails. Mr. Strobel signed his Report on July 25, 2014, (Report at 5), 4 days before Dr. Gotham signed his report. (Doc. 152-1).

Signal also overstates Mr. Strobel's qualifications when it argues that "as a DOL enforcement officer, he addressed this very issue from time to time." (Resp. at 15). There is nothing in the Report that indicates that Mr. Strobel ever assessed whether or not conditions were substandard. Apparently realizing the defects in the Report concerning his qualifications, Signal now indicates its plan at trial to "elicit testimony from Mr. Strobel concerning his experience with this issue at Wage and Hour" and to "elicit evidence on how his office examined serious, alleged housing deficiencies." (*Id.* at 16). But that tactic is improper, as the Report failed to include any information to put Plaintiffs on notice of any such qualifications. *See* Fed. R. Civ. P. 26(a)(2)(B). Mr. Strobel simply lacks the qualifications to offer expert testimony on housing

4

stock and conditions, and his opinions on these issues should be excluded and his Report stricken.

With regard to his methods, Signal argues that Mr. Strobel's review of a video of different housing in another state somehow enhances the reliability of his opinions.[1] However, viewing a video taken of housing in a different state, after the fact (as opposed to a video of the Texas camp from the time period it was occupied), is not a reliable method for forming an expert opinion about the adequacy of housing while Plaintiffs lived there. Moreover, the video does not cure Mr. Strobel's failure to reference any standard by which he could determine whether the housing was "seriously substandard." Without such a standard, Plaintiffs are left only with Mr. Strobel's word, which fails to satisfy Rule 702.

Finally, Signal erroneously contends that because the DOL allegedly did not cite Signal for housing violations, this somehow renders Mr. Strobel's opinion "the more generally accepted one" and therefore reliable. (Resp. at 15-16). This defies logic and the meaning of "reliability." Accordingly, and in addition to the reasons set forth above, Mr. Strobel's opinion fails in view of the reliability prong required for admissibility of expert testimony and should be excluded.

For the foregoing reasons and those set forth in the Motion, Plaintiffs respectfully request that the Court strike the Report and to exclude Mr. Strobel's proposed testimony.

**IV. Conclusion**

For the forgoing reasons, Plaintiffs respectfully request this Court exclude Don H. Strobel as an expert in this matter.

---

[1] Plaintiffs inadvertently referenced in their Motion a statement on page 4 of Mr. Strobel's expert report filed in the *David* case regarding Mr. Strobel's review of a video of Signal's Mississippi man camp. Mr. Strobel's Report in this case did not reference a review of that video and Mr. Strobel should therefore not be permitted to testify as to it.

5

Respectfully submitted this 12th day of November, 2014.

**SUTHERLAND ASBILL & BRENNAN LLP**

*/s/ Daniella D. Landers*
Daniella D. Landers (Texas Bar No. 24026260)
1001 Fannin Street, Suite 3700
Houston, Texas 77002-6760
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
daniella.landers@sutherland.com

John H. Fleming
Keith J. Barnett
Kurt Lentz
Travis J. Mock
Kara D. Duffle
Heather M. Niemeyer
Mary Beth Martinez
(admitted *pro hac vice*)
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806

***Attorneys for Plaintiffs***

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2014, I electronically filed the foregoing REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE DON H. STROBEL AS EXPERT with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all ECF participants.

I further certify that on November 12, 2014, I served a true and correct copy of the foregoing document upon the below-named Defendants by depositing a copy of same in the U.S. Mail, with sufficient postage thereon to insure delivery, and properly addressed as follows:

> Michael Pol
> Global Resources, Inc.
> c/o William P. Wessler, Esq.
> William P. Wessler, Attorney at Law
> 1624 24th Avenue
> Gulfport, MS  39501-2969

> Mr. Billy Wilks
> 9136 Heather Lane
> Moss Point, MS 39562

I further certify that on November 12, 2014, I served a true and correct copy of the foregoing document upon the below-named Defendants by forwarding a copy to them via international mail, with sufficient postage thereon to insure delivery, and properly addressed as follows:

> Indo-Ameri Soft L.L.C.
> Vijaya Roa (Register Agent)
> c/o Kurella Rao
> #6 Isla Road, Unity Zone
> Dangriga, Stann Creek Dist., Belize

> Kurella Rao
> #6 Isla Road, Unity Zone
> Dangriga, Stann Creek Dist., Belize

> */s/ Daniella D. Landers*
> Daniella D. Landers