IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| BIJU MUKRUKKATTU JOSEPH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civ. No. 1:13-cv-00324-RC-ZJH |
| ) | |
| SIGNAL INTERNATIONAL LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION
OF AND OBJECTION TO MAGISTRATE JUDGE'S MEMORANDUM
AND ORDER (ECF #148)**

Daniella D. Landers (Texas Bar No. 24026260)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002-6760
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
daniella.landers@sutherland.com

John H. Fleming
Keith J. Barnett
Kurt Lentz
Travis J. Mock
Kara D. Duffle
Heather Niemeyer
Mary Beth Martinez
(admitted *pro hac vice*)
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806

*Attorneys for Plaintiffs*

Plaintiffs respectfully submit this Reply in support of their Motion filed October 30, 2014 (the "Motion") (ECF #172) for Reconsideration of and Objection to Magistrate Judge's Memorandum and Order (ECF #148) (the "Order"), which granted in part and denied in part Signal's Motion to Compel (ECF #127).  This Reply addresses arguments raised in Signal's Memorandum in Opposition (ECF #188) and Signal's Supplemental Response in Opposition (ECF #193) (collectively "Opposition").

## I.     INTRODUCTION

Plaintiffs seek reconsideration of and object to the Order, which Plaintiffs submit was clearly erroneous and contrary to law.  The Order granted Signal's motion to compel discovery of unredacted visa application documents, the relevant parts of which have already been produced.  The ordered discovery would be deeply prejudicial to Plaintiffs and their families.  Signal has a history of threatening to use information about Plaintiffs' immigration status as a weapon.  Remarkably, Signal's Opposition "doubles down" on that threat, openly acknowledging Signal's intent to seek to use information gained from the ordered discovery to jeopardize Plaintiffs' legal status in the United States.  For similar reasons the New Orleans courts denied Signal's efforts to obtain this same discovery from plaintiffs in those cases.  Signal also confirms in its Opposition that it wants detailed information in the applications regarding Plaintiffs' family members, and reads the Order to require production of that, despite the Order's express statement that such information "would appear to be irrelevant" and would not be producible until Signal made a showing, which it has not yet, of "particular need."  (Order at 18.)  The Order should be reversed, or at a minimum clarified, to confirm that particularly sensitive information need not be produced.

## II. ARGUMENT

### A. Plaintiffs' Motion Sufficiently Pleads that Judge Hawthorn's Order Is "Clearly Erroneous and Contrary to Law."

Signal first argues that Plaintiffs' Motion should be denied because it fails to allege that Judge Hawthorn's Order was clearly erroneous. (Signal's Opp'n, ECF #188 at 1.) Signal bases this conclusion on the Plaintiffs' acknowledgment that Judge Hawthorn's Order was "thoughtfully done." (*Id.*) Plaintiffs' acknowledgment was not a waiver of the allegations of clear error discussed throughout the rest of the Motion. Plaintiffs' argument that "the balance struck in the Order is clearly wrong," combined with their explanation of what the proper legal balance ought to be, plainly alleges that the Order was "clearly erroneous and contrary to law."[1]

### B. Signal Fails To Explain Its Entitlement to This Discovery.

Plaintiffs' Motion objects to Judge Hawthorn's Order in part because the visa-related information that Judge Hawthorn identified as relevant to this litigation has already been produced to Signal. Signal's Opposition does not dispute this point. Instead, Signal's Opposition implicitly concedes that all relevant portions of T-Visa affidavits were produced, and expressly concedes that nearly all of T-Visa application Part D is irrelevant to this case. (*See* Signal's Supp. Opp'n, ECF #193 at 2 ("Signal can abide the redaction of Part D *excepting* Question No. 17 . . . ." (emphasis original).)

As to Part D, Signal objects only to the redaction of Question 17, a question related to issues of visa fraud. Signal claims it is entitled to this information because it is relevant to its supposed *in pari delicto* defense. (*See id.*) But, Signal entirely fails to explain why that

---

[1] Signal attempts to state another procedural objection to Plaintiffs' Motion by arguing that Plaintiffs failed to raise their request for alternative relief below. (Signal's Supp. Opp'n, ECF #193 at 2 & n.2.) This argument also fails. Plaintiffs vigorously argued below that discovery of T-Visa applications (other than the affidavits describing the Plaintiffs' recruitment and work at Signal, which were produced) should be denied. Having objected to the discovery of *any* of the additional information in the applications, Plaintiffs cannot be said to have waived the right to argue in the alternative that the partial disclosures ordered by the Magistrate should be clarified to comport with the limitations expressed in the Order.

supposed defense entitles Signal to profoundly sensitive information that is disclosed on T-Visa applications pursuant to strict assurances of confidentiality. Nor does Signal address the fact that, if Signal sought this information directly from Plaintiffs (at deposition, for example), Plaintiffs in certain appropriate circumstances would have a Fifth Amendment right not to answer.

Signal further objects to the redaction or withholding of T-Visa application Part E and Supplement A. (*See id.*) Specifically, Signal argues that these sections contain information related to Plaintiffs' immediate families that is relevant to Plaintiffs' alleged motive to fabricate allegations against Signal. (*Id.*) Actually, Signal argues that when Signal obtains information about family, "the motive element explodes with power," partly on account of 28 U.S.C. § 7605(c)(3)(A)(iii) (discussed below), which, Signal asserts, "drips with motive." (*Id.* at 3.)

Signal grossly exaggerates the probative value of family information, which Judge Hawthorn found "would appear to be irrelevant." (Order at 18.) Signal also fails to address the finding that "discovery aimed at sensitive information of people who are not parties to this case may very well have an *in terrorem* effect on the Plaintiffs." (*Id.* at 17.) Despite that, Judge Hawthorn declined to enter a protective order presently because he understood that Signal "has not made such a request [for sensitive information of third parties], as no Request for Production is aimed at documents related to any third parties." (*Id.*) Judge Hawthorn further stated that he would order production of documents related to any third parties only if Signal were able to "demonstrate a particular need" for them in some future motion. (*Id.* at 18.)

Signal makes clear in its Opposition that it views the Order as requiring production of detailed family information, despite the express statements from Judge Hawthorn to the contrary.

3

Therefore, the Order should either be reversed or clarified to make clear that no such production is required.

### C. Signal Admits that It Intends To Use Plaintiffs' Visa Information Outside of This Litigation.

In addition to Plaintiffs' objections based on relevance, redundancy, and confidentiality, Plaintiffs also objected to this discovery on the basis of its *in terrorem* effect. Plaintiffs' Motion asserts that Signal has a history of seeking to use information about Plaintiffs' immigration status as a weapon. (Motion at 3.) Plaintiffs cited to the briefing on this same discovery dispute in the *David* case, wherein Signal expressly stated its intent to use the information sought to "assist[]" federal immigration authorities by disclosing to them any evidence of alleged visa violations obtained by Signal during the litigation. (*Id.*)

One would have anticipated Signal in this case to respond to Plaintiffs' arguments by denying that it has any intent of disclosing Plaintiffs' visa information outside of this litigation, particularly given Judge Hawthorn's admonition about Signal's use being limited to "*this case*." (Order at 18, emphasis in original.) But, despite dismissively referring to Plaintiffs' *in terrorem* argument as "foolishness," Signal's Opposition virtually promises to misuse Plaintiffs' visa information by arguing that it may have "an affirmative obligation to communicate with the [G]overnment" pursuant to 22 U.S.C. § 7105(c)(3)(A)(iii). (Supp. Opp'n, ECF #193 at 2.)

Signal's argument is baseless. Nowhere does § 7105 obligate or encourage a private individual or corporation to voluntarily disclose a third-party's confidential visa information to the Government. And, even if it did, the statute would not entitle Signal to proactively seek to obtain through discovery third-party visa information to which it would have no right outside of litigation. Signal misreads the federal statute as possibly obligating Signal to use the requested

4

information to seek to have Plaintiffs' immigration status changed. That renewed threat further supports Plaintiffs' *in terrorem* argument against the disclosure of this information.[2]

        D.      Signal's Request for Modification of the Date Range for Discovery Should Be Denied Because It Is Both Meritless and Untimely.

In its opposition, Signal "urge[s] this Court to modify the Order to clarify the relevant period for discovery." (Signal's Opp'n, ECF #188 at 2.) In requiring the production of T-Visa applications, the Order expanded the date beyond Plaintiffs' work with Signal for that category. So, Signal is presumably seeking to have this Court change the Order only as to other personal information, which the Order properly denied on other grounds as well. In any event, Signal's request is in fact an objection to the Order. If Signal wished to object, it should have done so through a proper motion, not in the middle of its opposition papers. The deadline for objections to Magistrate Hawthorn's Order was October 30, 2014.

### III. CONCLUSION

Plaintiffs ask that this Court reverse the Order in part and deny Signal's Motion to Compel (as well as its untimely objection to the Magistrate Judge's Order) in its entirety. In the alternative, the Order should be clarified to confirm that Signal and the other Defendants may not use any information regarding Plaintiffs' post-Signal immigration and employment status in contacting any government agency concerning any Plaintiff, or for any other purpose outside this litigation, and that Plaintiffs may redact parts D and E and Supplement A from any Forms I-914 produced.

---

[2] Signal's only attempt to negate the *in terrorem* effect of its threatened disclosures is to argue that Plaintiffs have no legitimate fear of deportation because now that their families may be in the United States, "Plaintiffs are far too entrenched in this nation" for the Government to deport them. (Signal's Supp. Opp'n, ECF #193 at 2-3.) Signal offers absolutely no support for its assertion that the deportation of a family member is an "unthinkable scenario," arguing only that such a removal would be hard to explain to a child. (*Id.* at 3.) That truism offers cold comfort to Plaintiffs.

Respectfully submitted, this 21st day of November, 2014.

**SUTHERLAND ASBILL & BRENNAN LLP**

*/s/ Daniella D. Landers*
Daniella D. Landers (Texas Bar No. 24026260)
1001 Fannin Street, Suite 3700
Houston, Texas 77002-6760
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
daniella.landers@sutherland.com

John H. Fleming
Keith J. Barnett
Kurt Lentz
Travis J. Mock
Kara D. Duffle
Heather M. Niemeyer
Mary Beth Martinez
(admitted *pro hac vice*)
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806

***Attorneys for Plaintiffs***

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2014, I electronically filed the foregoing Plaintiffs' Reply In Support Of Motion For Reconsideration Of And Objection To Magistrate Judge's Memorandum And Order  (ECF #148) with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all ECF participants.

I further certify that on November 21, 2014, I served a true and correct copy of the foregoing document upon the below-named Defendants by depositing a copy of same in the U.S. Mail, with sufficient postage thereon to insure delivery, and properly addressed as follows:

>Michael Pol
>Global Resources, Inc.
>c/o William P. Wessler, Esq.
>William P. Wessler, Attorney at Law
>1624 24th Avenue
>Gulfport, MS  39501-2969

>Mr. Billy Wilks
>9136 Heather Lane
>Moss Point, MS 39562

I further certify that on November 21, 2014, I served a true and correct copy of the foregoing document upon the below-named Defendants by forwarding a copy to them via international mail, with sufficient postage thereon to insure delivery, and properly addressed as follows:

>Indo-Ameri Soft L.L.C.
>Vijaya Roa (Register Agent)
>c/o Kurella Rao
>#6 Isla Road, Unity Zone
>Dangriga, Stann Creek Dist., Belize

>Kurella Rao
>#6 Isla Road, Unity Zone
>Dangriga, Stann Creek Dist., Belize

>>*/s/ Daniella D. Landers*
>>Daniella D. Landers