UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
BIJU MAKRUKKATTU JOSEPH, et al     \*     CIVIL ACTION NO:
                           Plaintiffs     \*     1:13-cv-00324
                                     \*
v.     \*     DISTRICT JUDGE
                                     \*     RON CLARK
SIGNAL INTERNATIONAL, LLC, et al,     \*
                                     \*     MAGISTRATE JUDGE
                          Defendants     \*     ZACK HAWTHORN\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SIGNALS' MOTION AND MEMORANDUM IN SUPPORT TO REDEPOSE PLAINTIFFS ON T-VISA EVIDENCE

       Defendants Signal International, LLC ("LLC"), Signal International, Inc. ("Inc."), Signal International Texas, G.P. ("GP"), and Signal International Texas, L.P. ("LP") (hereinafter collectively "Signal"), respectfully file this motion to redepose each Plaintiff on his T-visa application and unredacted affidavit. Additionally, Signal requests that Plaintiffs prepare a privilege log, identifying any redactions made to the visa applications and affidavits.

       As this Court is well aware, given the amble briefing Plaintiffs have elicited on the subject, Signal considers the information contained in these documents critical to its defense. However, disputes between the parties over the relevance and possible *in terrorem* effect of the evidence prevented Signal from questioning Plaintiffs' on these issues during deposition. Now, having the Court squarely resolved the issue in Signals' favor, Signal contends that preventing Signal from questioning Plaintiffs' on this information before trial would be highly prejudicial. Furthermore, to the extent that these limited depositions may encumber Plaintiffs, Signal reminds the Court that Plaintiffs' own actions created a world where Defendants received long requested, vital discovery on the eve of trial.

Therefore, and as explained more fully below, Signal prays the Court will grant its Motion to redepose the four *Joseph* Plaintiffs – limited to the new discovery, for one half-day each, over two days.

## BACKGROUND

On June 5, 2014, Signal propounded Requests for Production of Documents on Plaintiffs, wherein Signal specifically requested evidence of T and U visa applications. Despite having brought claims involving human trafficking, Plaintiffs refused to provide the documents, objecting on grounds of relevance and possible *in terrorem* effect, instigating voluminous motion practice on this discovery issue:

- 9/5/14, Signals' Motion to Compel. (Rec. Doc. 127).
- 9/22/14, Plaintiffs' Request for Protective Order. (Rec. Doc. 137).
- 10/15/14, Magistrate Hawthorn denies Plaintiffs' request, granting in part Signal's Motion to Compel. (Rec. Doc. 148).[1]
- 10/22/14, Plaintiffs fail to turn over the responsive documents in violation of the Court's Orders. (Rec. Docs. 148 & 149).
- 10/30/14, Signal contacts Plaintiffs in a letter and, again, requested Plaintiffs meet their obligations under the Order of the Court.[2]
- 10/30/14, Plaintiffs appeal Magistrate Hawthorn's Order to the District Court. (Rec. Doc. 172).
- 11/10/14, Signal files Reply in Opposition. (Rec. Docs. 188).
- 2/24/15, Plaintiffs file (delinquent) Motion to Stay. (Rec. Doc. 227).
- 2/24/2015, Judge Clark issues Order, denying Plaintiffs Motion and upholding Magistrate Hawthorn's Order. (Rec. Doc. 228).

Notably, Judge Clark decided not to clarify the Magistrate's Order, instead remarking: "After reviewing the parties' arguments, the court is confident that these issues could – and should – be resolved *amicably without court intervention*, and avoid micromanagement of the discovery process." (Rec. Doc. 228) (emphasis added). In this spirit, the parties engaged in a meet and confer

---

[1] Specifically, the Court permitted discovery into Plaintiffs' immigration status (T-Visas), work authorizations and T-Visas applications.
[2] *See* October 30, 2014 Letter from Erin Hangartner to Plaintiffs' Counsel, attached hereto as Exhibit A.

phone call on February 26, where Signal learned Plaintiffs were not prepared to produce the disputed discovery at the time Judge Clark's decision was issued. In a follow-up email, Plaintiffs agreed to supplement its production of documents in accordance with the Order by close of business on March 2.[3] After Plaintiffs, again, failed to deliver the documents, Signal filed a Motion for Rule 37 Sanctions. (Rec. Doc. 235).

Finally, nearly five months after Magistrate Hawthorn's Order, Plaintiffs provided Signal the responsive documents on March 4, 2015, just seven days before the parties' joint pre-trial order is due. Due to stipulations made during Plaintiffs' depositions, Signal was unable to question Plaintiffs on these highly relevant documents. For this reason, on March 5, Signal requested counsel's consent to redepose all Plaintiffs.[4] Specifically, Signal expressed its desire to conduct brief depositions – one half-day per Plaintiff over two days, limited to the T-visa discovery. Despite, imposing limits on the line of questioning and offering to conduct the depositions at Plaintiff counsels' Houston office, Signals' request was firmly rejected.[5] Plaintiffs' counsel further voiced their objection to Signals' request during a phone conference discussing same on March 6.

## ARUGMENT

**A.  Depositions**

Signal deposed the four *Joseph* Plaintiffs over September and October 2014. Respecting the resources being expended by all parties in these related lawsuits, during deposition Signal endeavored to work efficiently as possible and intended to question Plaintiffs on the issues pertinent to this case and the matters that led to it.[6] At the outset of each deposition, Signal expressed its intent to question Plaintiffs on their current immigration status, including questions

---

[3] *See* Rec. Doc. 235, Ex. A.
[4] *See* March 5, 2015 email chain between Robert Keller and all counsel, attached hereto as Exhibit B.
[5] *Id.*
[6] *See* September 3, 2014 Deposition of Iju James, p. 8:11-8:12, attached hereto as Exhibit C.

regarding T-visa applications and affidavits.[7] In each instance Plaintiffs' counsel objected and instructed the witness not to answer, at which time Signal reserved its right to ask the questions at a later date, pending the Court's ruling in regards to this issue.[8]

> Ms. Bollman: So we're going to begin by just putting an agreement of counsel on the record that Signal had intended to ask this witness about his employment with Signal, including… whether or not he applied for a T or U visa application through the United States Citizenship and Immigration Service, details about that application and whether it had been approved. It is our understanding that his counsel is going to advise him not to answer those questions based on in terrorem protective order that they are seeking and so **we're going to simply reserve our right to ask those questions at a later date and recall the witness should we prevail on this issue before the Court**.
>
> Mr. Lentz: And I'll – I'll restate, just for the record here, so it's clean, that we are going to instruct or we would have instructed Joy Varkey to not answer any questions that we felt had in terrorem effect which would include those areas as identified by Ms. Bollman that – that's subject to a motion practice right now to be resolved by the Court, and **I appreciate the – this ability that we're able to handle the objection this afternoon**.

September 19, 2014 Deposition of Joy Kallachiyil Varkey, p. 74-75, attached hereto as Exhibit D.

Unequivocally, the record indicates that the parties contemplated the possibility of redeposing these Plaintiffs. Signal reserved its right in every Plaintiff deposition and the parties stipulated to this arrangement in order to more efficiently administer the depositions.

> Mr. Cornblatt: So we don't have this fight today**, we'll simply reserve our right to call the witness back should the in terrorem order be as we hope it will be.**
>
> Ms. Bouchard: **That is fine.**

September 26, 2014 Deposition of Sojan Paul Kaliyadan, p. 8, attached hereto as Exhibit F.

Remarkably, Plaintiffs' counsels contends that Signal was able to "fully" question Plaintiffs during the initial depositions on the redacted T-visas applications in Signals' possession.[9]

---

[7] *See* Exhibit C, p. 8; September 19, 2014 Deposition of Joy Kallachiyil Varkey, p. 74, attached hereto as Exhibit D; September 22, 2014 Deposition of Philip Baby, p. 6, attached hereto as Exhibit E; September 26, 2014 Deposition of Sojan Paul Kaliyadan, p. 8, attached hereto as Exhibit F.
[8] *Id.*
[9] Exhibit B.

Counsel's recollection runs counter to the agreement and is not reflected in the record. Plaintiffs' counsel made a deliberate choice, instructing Plaintiffs to not answer this line of questioning. Signal kept its end of the agreement and refrained from questions related to immigration status or T-visas. Now, having received an adverse ruling, Plaintiffs hope this Court will allow them to disregard assurances counsel made on the record.

Allowing Plaintiffs to back out – claiming inconvenience or unwelcomed expense on the eve of trial – not only impedes Signals' ability to defend itself against these serious allegations, it thwarts the interests of equity and justice. Plaintiffs should not be permitted to cavalierly disregard the integrity of this Court, flouting promises made on the record.

**B.     Motions**

Perhaps neglecting that the instant litigation is being tried in the Eastern District of Texas, Plaintiffs appear to have imprudently relied on discovery decisions rendered in the *David* case when determining their litigation strategy. Yet, despite Magistrate Hawthorn's Order to the contrary, Plaintiffs continued to resist turning over the responsive documents. Of course, Signal does not begrudge Plaintiffs' right to pursue whatever strategy or protections counsel deems to be in their best interest. Still, Plaintiffs took a risk opposing this Court's Order and, in the process, burdened all parties and the Court with voluminous motion practice on the subject. Now, having lost the argument, Plaintiffs' complain that the proximity of the trial date and other pretrial obligations make Signals' request burdensome.[10] Plaintiffs chose to draw out the process, filing a late October 2014 appeal to the District Court. Plaintiffs should have reasonably known that awaiting the District Court's determination could add months to a final decision on discovery matters. It was foreseeable that Plaintiffs would be forced to turn over the responsive documents

---

[10] *Id.*

close to trial and be required to satisfy its end of the bargain in regards to redeposing Plaintiffs on issues related to that discovery. Plaintiffs took a risk and are in a world of their own making.

**C.     Meet and Confer**

Signal attempted to create a deposition schedule that would not be unduly burdensome for Plaintiffs or their counsel. Per the local rules and reasons articulated by Judge Clark, Signal hoped this discovery matter could be resolved "amicably without intervention of the Court." (Rec. Doc. 228). Plaintiffs twice refused to reach an agreement regarding these depositions. Furthermore, Plaintiffs' counsel expressed concern about investing "more time and expense" in this lawsuit, based on counsel's, albeit flawed, understanding of Signals' cash flow.[11] Signals' ability or inability to pay a judgment in *Joseph* is not relevant to Signals' right peruse its defense or expect Plaintiffs' to satisfy their obligations. Plaintiffs brought this lawsuit against Signal and now, on the eve of trial, after finally providing Signal the discovery it sought in its defense, their pro bono attorneys complain about the expense and burden of litigation. Signal is well aware. However, until Plaintiffs withdraw their claims, the Court should not allow opposing counsel to prevent Signal from perusing its defense because their expectations or interest in this litigation has waned.

## CONCLUSION

Notwithstanding the fact that Signal was prejudiced by receiving these documents on the eve of trial, Plaintiffs now find themselves in the unenviable position of being on the wrong side of the Court's ruling. Plaintiffs had the option to turn over the responsive documents during Signal's initial Request for Production, and again, when Magistrate Hawthorn so Ordered. Plaintiffs took a calculated risk, drawing out the process over several months and to streamline depositions, stipulated to redeposing the Plaintiffs if Signal prevailed on this issue. Meanwhile,

---

[11] *Id.*

Signal was prevented from pursuing important lines of questioning during Plaintiffs' depositions. Even if Plaintiffs could manufacture a legitimate reason – besides the hazards and risks of litigation – to prevent Signal from redeposing the Plaintiffs, the fact remains, and the record indicates, that Plaintiffs made an agreement to the contrary. Plaintiffs' may not have expected this reality upon embarking down this path last September, but it was foreseeable and completely within Plaintiffs' control.

Therefore, Signal urges the Court to grant its Motion, allowing Signal to redepose the four Plaintiffs on topics limited to T-visa applications and affidavits.

Respectfully submitted,

*/s/ Erin Casey Hangartner*
Erin Casey Hangartner, La. Bar No. 24768
Alan Dean Weinberger, La. Bar No. 13331
Hal D. Ungar, La. Bar No. 31344
Elham R. Rabbani, La. Bar No. 33322
Brian C. Roux, La. Bar No. 35298
Lance R. Rydberg, La. Bar No. 02089
Mitchell P. Hasenkampf, La. Bar No. 32870
Robert L. Keller III, La. Bar No. 35188
Kevin P. Maney, La. Bar No. 33956
Lauren Masur Davis, La. Bar No. 34669
HANGARTNER RYDBERG & TERRELL, LLC
701 Poydras Street, Suite 310
New Orleans, LA 70139
Telephone: (504) 522-5690
Facsimile: (504) 522-5689
ehangartner@hanrylaw.com
aweinberger@hanrylaw.com
hungar@hanrylaw.com
erabbani@hanrylaw.com
broux@hanrylaw.com
lrydberg@hanrylaw.com
mhasenkampf@hanrylaw.com
rkeller@hanrylaw.com
kmaney@hanrylaw.com
lmasur@hanrylaw.com

And

Patricia A. Bollman, La. Bar 17563
James L. Cornblatt, (Pro Hac Vice)
Patricia A. Bollman,
A Professional Law Corporation
Post Office Box 13707
New Orleans, LA 70185
Telephone: (504) 218-5887
Facsimile: (504) 304-0890
patricia@bollmanfirm.com
cornblatt25@gmail.com

***Counsel for Signal International, L.L.C.
Signal International, Inc.,
Signal International Texas, G.P., and
Signal International Texas, L.P.***

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to non-CM/ECF participants.

*/s/ Erin Casey Hangartner*
ERIN CASEY HANGARTNER

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Signal International, LLC, Signal International, Inc., Signal International Texas, G.P., and Signal International Texas, L.P. has conferred with opposing counsel and that the motion is opposed.

*/s/Erin Casey Hangartner*
ERIN CASEY HANGARTNER