UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

*********************************************
| | | |
|---|---|---|
| BIJU MAKRUKKATTU JOSEPH, et al | * | CIVIL ACTION NO: |
| Plaintiffs | * | 1:13-cv-00324 |
| | * | |
| v. | * | DISTRICT JUDGE |
| | * | RON CLARK |
| SIGNAL INTERNATIONAL, LLC, et al, | * | |
| | * | MAGISTRATE JUDGE |
| Defendants | * | ZACK HAWTHORN |
| | * | |

*********************************************

### EMERGENCY EX PARTE COMBINED MOTION AND MEMORANDUM IN SUPPORT FOR CONTINUANCE OF TRIAL

Defendants, Signal International, LLC ("LLC"), Signal International, Inc. ("Inc."), Signal International Texas, G.P. ("GP"), and Signal International Texas, L.P. ("LP") (hereinafter collectively "Signal") hereby submit this Emergency Ex Parte Motion and Memorandum in Support For Continuance of Trial. For the reasons stated *infra*, Signal moves this Honorable Court to continue the pre-trial conference and trial dates in the *Joseph* case until August, 2015 or to another date this Court feels appropriate.

Signal believes it is virtually certain that the company will file for chapter 11 relief either immediately prior to or shortly after the scheduled commencement of the *Joseph* trial. Because such a filing would automatically stay the trial, Signal urges that a continuance is warranted. Signal was unable to obtain consent from all parties in bringing this motion.

### Background and Argument

Over the last few years, the downturn in the oil and gas industry has negatively impacted Signal's revenue, resulting in the company's decreased liquidity. Recently, in the case of *David v. Signal*

*International*, the jury returned a verdict in favor of the plaintiffs against Signal in the approximate amount of $12 million plus fees, costs and expenses.[1] This verdict combined with the anticipated future legal fees required to continue defending thirteen lawsuits in two separate jurisdictions has further exacerbated Signal's difficult liquidity condition. Because of this decreased liquidity and other business factors, Signal hired a Chief Restructuring Officer and bankruptcy counsel to aid in its consideration of all restructuring options, including filing for relief under chapter 11 of the United States Bankruptcy Code.

Based on extensive internal consideration and external communications with the company's key creditor constituencies, Signal believes it is virtually certain that the company will file for chapter 11 relief either immediately prior to or shortly after the scheduled commencement of the *Joseph* trial. As the Court is aware, a bankruptcy filing will automatically stay these proceedings. 11 U.S. Code § 362(a). Thus, if Signal files bankruptcy after the commencement of the trial but before its conclusion, the trial will halt in its tracks. Signal submits that a continuance of the trial is warranted and necessary to avoid the waste of time and costs that would be incurred by all parties if the trial is stayed due to a bankruptcy filing. A continuance of the trial would also preserve valuable judicial resources and free up the Court's docket. Signal urges that it would be in the interests of judicial efficiency and all parties that the first *Joseph* trial date be continued.

## **Conclusion**

For the foregoing reasons, the Emergency Ex Parte Motion for Continuance of Trial should be granted.

---

[1] The *David* verdict is not yet a final judgment because (1) not all claims for the initial 5 *David* plaintiffs were tried, and (2) claims for the remaining 7 *David* plaintiffs have not been tried at all. See Fed. R. Civ. P. 54(a). The *David* plaintiffs have moved for entry of a final judgment as to those claims already tried under Fed. R. Civ. P. 54(b). *David* Rec. Doc. 2299. The plaintiffs in all the related cases, including the Texas plaintiffs, have provided the *David* court with substantial briefing in support of the entry of a final judgment under 54(b). Mr. John Fleming, the lead trial counsel in the *Joseph* case, submitted a letter to Mr. Hugh Sandler, counsel for the *David* plaintiffs, which was then attached as further support for the entry of final judgment in *David*. See *David* Rec. Doc. 2308-2, Letter from John Fleming to Hugh Sandler. Mr. Fleming submitted this letter on behalf of all plaintiffs in the *Joseph*, *Samuel*, *Marimuthu*, *Meganathan,* and *Kambala* cases. See Id. at 2

Respectfully submitted,

*/s/ Erin Casey Hangartner*_____
Erin Casey Hangartner, La. Bar No. 24768
Alan Dean Weinberger, La. Bar No. 13331
Hal D. Ungar, La. Bar No. 31344
Elham R. Rabbani, La. Bar No. 33322
Brian C. Roux, La. Bar No. 35298
Lance R. Rydberg, La. Bar No. 02089
Mitchell P. Hasenkampf, La. Bar No. 32870
Robert L. Keller III, La. Bar No. 35188
Kevin P. Maney, La. Bar No. 33956
Lauren Masur Davis, La. Bar No. 34669
HANGARTNER RYDBERG & TERRELL, LLC
701 Poydras Street, Suite 310
New Orleans, LA 70139
Telephone: (504) 522-5690
Facsimile: (504) 522-5689
ehangartner@hanrylaw.com
aweinberger@hanrylaw.com
hungar@hanrylaw.com
erabbani@hanrylaw.com
broux@hanrylaw.com
lrydberg@hanrylaw.com
mhasenkampf@hanrylaw.com
rkeller@hanrylaw.com
kmaney@hanrylaw.com
lmasur@hanrylaw.com

And

Patricia A. Bollman, La. Bar 17563
James L. Cornblatt, (Pro Hac Vice)
Patricia A. Bollman,
A Professional Law Corporation
Post Office Box 13707
New Orleans, LA 70185
Telephone: (504) 218-5887
Facsimile: (504) 304-0890
patricia@bollmanfirm.com
cornblatt25@gmail.com

*Counsel for Signal International, L.L.C.*
*Signal International, Inc.,*
*Signal International Texas, G.P., and*
*Signal International Texas, L.P.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to non-CM/ECF participants.

          */s/ Erin Casey Hangartner*
          ERIN CASEY HANGARTNER