UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

Biju Mukrukkattu Joseph, et al                                        Case No: 1:13-cv-0324

    vs.

Signal International, et al

BURNETT DEFENDANTS' RESPONSE MEMORANDUM
TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE
EVIDENCE RELATED TO PLAINTIFFS' APPLICATIONS FOR TRAFFICKING VISAS

May it Please the Court,

      Plaintiffs move to exclude relevant facts that were revealed by and very much a part of their applications for trafficking visas, not the least of which is that the Department of Justice did not find any evidence to support the granting of such visas, which was something Burnett tried to explain to a number of Signal employees at a meeting with H-2B workers at Signal's Mississippi facility in March of 2007, and for which he was criticized by many of these Plaintiffs. Further, the applications and petitions for these visas by a number Plaintiffs, including some whose claims are being tried this month, made identical allegations of trafficking and forced labor against J & M Associates, <u>after</u> they were allowed to work anywhere they wished, which itself occurred only because Burnett had filed petitions on their behalf for permanent resident work visas.

      Burnett had filed I-140 petitions on many of the Plaintiffs' behalf, which, because of events that transpired within federal agencies concerned with immigration visas, enabled them

to obtain Employment Authorization Documents (EAD). The EADs allowed those Plaintiffs to seek employment anywhere they wished. Notwithstanding, Plaintiffs still claimed that Burnett trafficked them to "forced labor" at J & M Associates, exactly as they have done in this case with Signal. This evidence is extremely relevant to Burnett's defense.

Rule 402 of the Federal Rules of Evidence provides that, unless otherwise prohibited by the Constitution, statutes, or the Rules of Evidence, "[a]ll relevant evidence is admissible". Rule 401 provides that evidence that has "any tendency" to establish the existence of a fact of consequence is more or less probable than it would be without the evidence is "relevant". The evidence surrounding Plaintiffs' applications for trafficking visas tends to establish that Plaintiffs' claims of trafficking against Signal and Burnett are total fabrications, and that for them, simply being dissatisfied with the job constitutes human trafficking and forced labor.

This evidence seriously calls into question the credibility of Plaintiffs' claims that they were "trafficked" or ever economically forced to work for Signal. This evidence of Plaintiffs' post-Signal employment with J & M Associates, and their alleged dissatisfaction with the job to the point that they made identical allegations of trafficking and forced labor, tends to establish that their complaints against Signal and Burnett had nothing to do with being forced to provide labor, or trafficking, or fear of economic harm, but rather, was simply another avenue by which they could obtain permanent resident visas. Simply put, it tends to establish that Plaintiffs were not trafficked or subjected to forced labor by anyone. This alone is reason enough to establish the relevance of the applications for these trafficking visas.

In an effort to counter the obvious relevance of this evidence and its high tendency to show the true nature of their complaints, Plaintiffs allege that this evidence would have an <u>in terrorem</u> effect on the bringing of their claims, citing discovery cases where protective orders were issued. This case is now beyond the discovery stage and at issue is whether relevant evidence will be admitted. Besides, Plaintiffs argument that it would have a chilling effect on bringing claims is just that, argument, devoid of any proof. This argument dissolves into thin air upon the slightest scrutiny.

First and foremost, the fact that any part or all of the evidence behind the application for these trafficking visas might be allowed into evidence has not caused one single Plaintiff to drop its case out of fear his immigration status might be revealed. There is certainly no proof that such would occur; no affidavits by Plaintiffs to that effect, or other evidence that allowing relevant evidence to be introduced at trial will preclude others from bringing claims. Allowing relevant evidence at the trial of Plaintiffs' claims will not deter Plaintiffs in the slightest from pursuing a jury verdict on their trafficking claims. On the other hand, allowing relevant evidence surrounding the trafficking visas will provide the jury with a truer picture of Plaintiffs' claims.

Besides, the same argument of an <u>in terrorem</u> effect was made when discovery was sought for this information. Yet, not one Plaintiff elected to withdraw from the suit because discovery of the trafficking visas was allowed. With a trial now being conducted on the merits of Plaintiffs' trafficking claims, mere argument and false speculation cannot replace the

requirement for actual proof of prejudice. The argument that allowing relevant evidence will somehow chill Plaintiffs' from bringing or maintaining their trafficking claims simply does not hold up. The discovery of this information has not intimidated any Plaintiff to withdraw, and likewise, allowing relevant evidence obtained from the discovery will not entice any Plaintiff into withdrawing his claim.

Besides, Plaintiffs are going to make these exact same allegations to the jury at trial. Plaintiffs are obviously not reluctant to inform the jury about their immigration status and claims of being trafficked. There is no difference between Plaintiffs asserting to the jury that they were trafficked, and the jury being told that Plaintiffs also made the same allegations to the appropriate government agencies. It is not as though disclosure of relevant evidence from the filing for these trafficking visas during a trial on the merits will chill Plaintiffs from pursuing their claims.

On the other hand, precluding relevant evidence as to the merits of Plaintiffs claim, or lack of any substance to such claims, will unduly prejudice Burnett. The evidence of Burnett's efforts to file I-140 applications, the ability of Plaintiffs to work for J & M Associates, or any other employer it wished to, clearly negates most all of their claims against him. As important, the fact that Plaintiffs still made such claims of trafficking and forced labor against J & M Associates and Burnett shows that their identical claims concerning their work at Signal are baseless. Depriving Burnett of this evidence unfairly deprives Burnett of relevant and admissible evidence based on mere speculation and baseless arguments.

Wherefore, Burnett submits that Plaintiffs' Motion in Liming to preclude evidence of and related to Plaintiffs T-Visas applications should be denied.

Respectfully submitted

s/Timothy W. Cerniglia
Timothy w. Cerniglia (TX Bar # )
1521 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone 504-586 -0555
Facsimile 504-586-0550
tcerniglia@cerniglialaw.pro
Attorney for Malvern C. Burnett,
The Law Office of Malvern c. Burnett, APC,
and The Gulf Coast Immigration
Law Center,LLC

Certificate of Service

This is to certify that a copy of this motion has been served electronically on Plaintiffs and the Signal Defendants with the Clerk of Court using the CM/ECF system, this 16th day of March, 2015.

s/ Timothy W. Cerniglia