# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **BIJU MAKRUKKATTU JOSEPH,** *et al.* | § | |
| | § | |
| **v.** | § | **1:13-CV-324** |
| | § | |
| **SIGNAL INTERNATIONAL L.L.C.,** | § | |
| *et al.* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial proceedings. (Doc. No. 4.) Pending before the court is the "Motion of Signal Defendants for Partial Summary Judgment" (Doc. No. 161) filed by Signal International, L.L.C., Signal International, Inc., Signal International Texas, G.P., and Signal International Texas, L.P. (collectively, "Signal"). The court has received and considered the report and recommendation of the magistrate judge (Doc. No. 219), who recommends that the court deny Signal's motion. Signal filed timely objections to the report and recommendation (Doc. No. 224), and the Plaintiffs filed a response. (Doc. No. 225.)

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), overruled on other grounds by Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1412 (5th Cir. 1996) (en banc).

Signal raises three objections to the magistrate judge's report. After considering Signal's objections, the court finds that they are without merit and that the magistrate judge's findings and conclusions are correct. First, Signal argues that the magistrate judge erred in finding that a conspiracy to violate 18 U.S.C. §§ 1589 or 1590, which is motivated by racial animus, is actionable under § 1985(3). Signal, however, has failed to convincingly show that the magistrate judge erred. First, Signal's reliance on *Great Am. Fed. Sav. & Loan v. Novotny*, 442 U.S. 366 (1978) is misplaced. *Novotny* held that a violation of Title VII was not actionable under § 1985(3) in large part because if allowed, plaintiffs could avoid Title VII's administrative scheme. Novotny, 442 U.S. at 373–74 (discussing that Title VII creates a "comprehensive plan" and "[i]f a violation of Title VII could be asserted through § 1985(3), a complainant could avoid most if not all the these detailed and specific provisions of the law"). The "right to be free from the badges of slavery," however, is a right protected § 1985(3). Id. at 383 (Stevens J., concurring). Moreover, 18 U.S.C. §§ 1589 and 1590, which were passed pursuant to Congress's powers under the Thirteenth Amendment, seek to outlaw modern manifestations of slavery and involuntary servitude. Therefore, it follows that a conspiracy to violate these statutes would be actionable under § 1985(3).

Signal's second objection is that the Plaintiffs have failed to plead a distinct RICO person and RICO enterprise. Signal argues that the Plaintiffs are asserting that Signal is *both* the RICO person and *the* RICO enterprise. Signal overlooks the fact that the enterprises that the Plaintiffs allege are association-in-fact enterprises consisting of numerous entities, not just Signal. In other words, the Plaintiffs allege that Signal is a *member* of an enterprise, not that Signal is *the* enterprise. Moreover, while Signal faults the magistrate judge for not considering two cases, these cases merely stand for the basic proposition that a RICO person must be distinct from the

RICO enterprise.   The magistrate judge correctly stated the law on this issue, despite not citing the same cases as Signal.

Signal's last objection is that the magistrate judge erred in finding that this case only required a domestic application of the Trafficking Victims Protection Reauthorization Act of 2003 ("TVPRA") and RICO.   Signal's attempt to argue that the facts of this case are solely extraterritorial is simply unavailing.   First, as to the Plaintiffs' claims under the TVPRA, Signal fails to recognize that the Plaintiffs were trafficked *to* the United States.   Second, as for the Plaintiffs' RICO claims, Signal fails to address how or why, under the three prevailing approaches to determining whether RICO is being applied extraterritorially or domestically, its conduct was extraterritorial.   Signal seems to take issue specifically with the magistrate judge's conclusion as to the Plaintiffs' wire and mail fraud claims.   However, after reviewing the record, the court agrees with the magistrate judge and finds that "Signal has pointed to nothing in the record showing that the alleged mail and wire fraud occurred only abroad."   (Doc. No. 219, p. 22.)

After conducting a de novo review of the magistrate judge's report and recommendation, Signal's objections, and the Plaintiffs' response, the court finds that the magistrate judge's findings and conclusions are correct.   ~~See~~ FED. R. CIV. P. 72(b)(3).  In short, the court is not convinced that there are no material issues of fact as to the matters raised or that

 Signal is entitled to judgement as a mater of law.   Accordingly,  Signal's

objections are overruled and the report and recommendation will be adopted.

It is therefore **ORDERED** that the magistrate judge's report and recommendation (Doc. No. 219) is **ADOPTED**; and the Motion (Doc. No. 161) is **DENIED**.
        So **ORDERED** and **SIGNED** this **17** day of **March, 2015.**

3
_____

Ron Clark, United States District Judge