# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| BIJU MUKRUKKATTU JOSEPH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civ. No. 1:13-cv-00324-MAC-ZJH |
| ) | |
| SIGNAL INTERNATIONAL LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## TWENTY-THIRD STATUS REPORT

Plaintiffs, in accordance with the Court's Order Staying Case Pursuant to Bankruptcy [Dkt. No. 335] requiring the parties to file a notice every 120 days informing the Court of the status of the Signal bankruptcy proceedings, hereby file this Status Report as of February 17, 2023. (Reports prior to the Sixth Report were from all parties, but counsel for a Defendant in this action noted lack of involvement in Signal's bankruptcy proceedings, so counsel for Plaintiffs has been responsible for subsequent reports.)

As noted in the parties' prior reports [Dkt. Nos. 338, 339, 340, 341, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 359, 360 and 361], the Signal Entities filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on July 12, 2015. *In re Signal Int'l, Inc., et al.*, No. 15-11498 (Bankr. D. Del. July 12, 2015) (the "Bankruptcy Court").[1] On November 24, 2015, the Bankruptcy Court entered its Findings of Fact, Conclusions of Law and Order Confirming Debtors' First Amended Joint Plan of

---

[1] The other entities are: *Signal Ship Repair, LLC* (Case No. 15-11499), *Signal Int'l, LLC* (Case No. 15-11500), *Signal Int'l Texas GP, LLC* (Case No. 15-11501), and *Signal Int'l Texas, L.P.* (Case No. 15-11502). By the Bankruptcy Court's order, all five cases were jointly administered with the *Signal Int'l, Inc.* case. *In re Signal Int'l, Inc.*, No. 15-11498 (Bankr. D. Del. July 14, 2015), ECF No. 55.

Liquidation Pursuant to Chapter 11 of the Bankruptcy Code [Bankr. Dkt. No. 555] (the "Confirmation Order"), confirming the Signal Entities' plan of liquidation, which implemented the plan support agreement among the Plaintiffs, the Signal Entities and certain other parties, for the settlement of, *inter alia*, the Plaintiffs' claims against the relevant Signal Entities. Pursuant to the Plan, a litigation trust (the "Signal Litigation Trust") has been created for the distribution of the settlement proceeds. That process remains ongoing, as the Signal Litigation Trust distributed Trust Claim Forms in February 2016. Initial partial payments on accepted claims were distributed in July 2017. A second partial distribution to Plaintiffs from a separate settlement from Defendants Dewan and Burnett was accomplished in October 2019.

Counsel for Plaintiffs was informed by the Trustee that the party whose payments on a promissory note were to fund the Trust is in default, and the Trustee moved the bankruptcy court for permission to liquidate the note through a sale of the property that secures the note. The bankruptcy court granted the Trustee's motion. The Trustee reported in June 2022 that the Trustee is presently working with the party obligated on the note to sell the underlying property, which the Trustee believes will result in the best return for the beneficiaries of the Trust. However, the Trustee reported that market interest remains tepid, although the broker agreement with Collier's has been renewed for one year from the renewal date of March 31, 2023. Alternatively, the Trustee believes that improvements in the obligor's business, together with a restructuring of the debt completed in January 2022, will result in the obligor's ability to resume payments. Since the closing of the debt restructuring, payments have been continuing without default, although in some months the payments were a few days late. However, the amount and timing of subsequent payments remain uncertain as efforts are continuing to finalize the settlement, and the Trustee reports that the Trustee remains cautiously optimistic and vigilant.

The Trustee sent a letter to the Beneficiaries updating them on the status of the liquidation in June 2022.

The Plan became effective on December 14, 2015 [Bankr. Dkt. No. 589]. As of that date, pursuant to the Confirmation Order, "any suit, legal action, or other proceeding … in any forum in the United States that is released, stayed, or enjoined pursuant to Article XI of the Plan against or affecting any Released Party [the Signal Entities], shall be stayed, enjoined or otherwise prohibited from continuation as to any Released Party." (Confirmation Order at 25 ¶ 10.)

On February 5, 2019, the Signal bankruptcy proceeding was closed in accordance with the confirmed plan. Part of that confirmed plan is for the Signal Litigation Trust to distribute proceeds to the Plaintiffs in this action, and others similarly situated. A significant part of those proceeds has not yet been distributed. Because of the termination of the bankruptcy, the automatic stay is no longer in effect. As noted above, final distributions have been made from the Defendants, other than Signal, who settled with Plaintiffs. As of the Twenty-Second Status Report, counsel for Plaintiffs was informed by the Trustee that a contingency reserve for property taxes, legal reserve and trust expenses will be established and that based on the scheduled debt service payments, and provided that 2022 property taxes have been paid, the Trust cash balance may reach the necessary threshold to permit the final distribution from the Signal Litigation Trust to take place in early 2023, at which time dismissal of this action would be appropriate.

The contingency reserve has been established; however, the shipyard ("WOS") failed to pay approximately $63,000 of the 2022 property taxes that were supposed to have been paid by January 31, 2023, and WOS asked for an extension of time to pay. To that end, at the Trustee's request, a reservation of rights letter was issued allowing an extension through February 22, 2023

to pay the $63,000 balance due. The letter reminded WOS that this payment is in addition to the regularly scheduled mortgage payment due February 28, 2023, plus the $40,000 escrow for 2023 property taxes.

Per the Trustee, the second distribution is contingent on having a pre-distribution cash balance threshold of approximately $2.1 million, which should have reached that threshold with the January 31, 2023 mortgage payment. However, the failure to pay all of the tax installment due January 31, 2023 indicates that the Trustee will have to continue to monitor WOS's operations and liquidity to determine if the Trust should be in a position to make a distribution shortly after the first quarter of 2023. Currently the pre-distribution cash balance threshold is approximately $1.935 million, approximately $165,000 under the threshold.

Respectfully submitted, this 17th day of February, 2023.

/s/ John H. Fleming
John H. Fleming (*pro hac vice*)

**EVERSHEDS SUTHERLAND (US) LLP**
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia  30309-3996
Telephone:  (404) 853-8000
Facsimile:   (404) 853-8806
johnfleming@eversheds-sutherland.com

***ATTORNEYS FOR PLAINTIFFS***

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2023, I electronically filed the foregoing **Twenty-Third Status Report** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all ECF participants in this case.

I further certify that on February 17, 2023, I served a true and correct copy of the foregoing document upon the below-named Defendant by depositing a copy of same in the United States mail, postage prepaid, addressed as follows:

>Mr. Billy Wilks
>9136 Heather Lane
>Moss Point, MS  39562

>*/s/ John H. Fleming*
>John H. Fleming